AT

## DES MOINES, OCTOBER TERM, A. D. 1886,

IN THE FORTIETH YEAR OF THE STATE.

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,      ⎫
" JAMES H. ROTHROCK,   ⎬ JUDGES.
" JOSEPH M. BECK.      ⎭

## VAN HORN v. LITCHFIELD, EX'R.

1. **Removal of Causes to Federal Courts:** PETITION SUFFICIENT ON ITS FACE CONCLUSIVE. Upon the filing of a petition in a state court presenting on its face a sufficient cause for a removal of the case to the federal court, together with the proper bond, the rightful jurisdiction of the state court comes to an end, and it has no authority to hear any issue made as to the truth of the allegations of the petition, and to grant or refuse the prayer of the petition according to its determination of such issue.

*Appeal from Boone Circuit Court.*

MONDAY, OCTOBER 25.

ACTION in chancery to enforce the specific performance of a contract to convey land. There was a decree granting the prayer of the petition. Defendant appeals.

*Gatch, Connor & Weaver* and *S. R. Dyer*, for appellant.

*Crooks & Jordan*, for appellee.

BECK, J.—I. Upon the same day the answer was filed defendant presented to the circuit court his petition in due form, asking that the cause be transferred to the United States circuit court. The petition shows that plaintiff is a citizen of Iowa, and the defendant is a citizen of the state of New York, and that the value of the property involved in this action exceeds $500. The petition was accompanied by a bond in the form, conditions and penalty required by the statute of the United States in such cases. The plaintiff objected to the removal, and filed the affidavits of two persons, showing that the value of the property was no more than $400. Thereupon the circuit court overruled and denied the petition, and proceeded to take jurisdiction of the cause, and to try it afterwards on its merits. To the order denying the petition plaintiff at the time excepted.

II. It is a rule settled by the decision of the United States supreme court that, upon the filing of a petition in a state court presenting a sufficient case for removal to the United States court, the rightful jusisdiction of the state court comes to an end. "The state court must stop when the petition and security are presented." *Railroad Co. v. Koontz*, 104 U. S., 5; *Steamship Co. v. Tugman*, 106 U. S., 118; S. C., 1 Sup. Ct. Rep., 58. The state courts cannot, in such case, permit an issue upon the allegations of the peti-

tion to be raised, and, upon its determination, order or refuse the removal of the case, as it may find the facts upon which the jurisdiction of the United States court is based. The rightfulness and necessity of the rule are obvious. Unless it prevails, conflicts would inevitably arise, for the reason that it is not possible that the respective courts would always agree in the findings of the facts upon which the jurisdiction of the United States court depends; and it would not be possible for the United States court to enforce its lawful authority if the state court may determine questions of fact upon which its jurisdiction rests. These facts, it must be presumed, will be rightfully determined by the United States court upon issue raised thereon in that court. The citizens of the state may therefore depend upon that court for the protection of their rights involved in the execution of the United States statute authorizing the removal of causes from the state to the federal courts. We have not been favored with an argument by plaintiff's counsel upon this point. But we do not hesitate to decide it, as the rule we follow is settled by the United States supreme court, the final arbiter of all questions of this character arising under the statute of the United States.

The decree of the circuit court is reversed, and the cause is remanded, with directions that it be transferred to the United States circuit court, and that no other order be made in the case unless the jurisdiction of the court below be lawfully restored.

REVERSED.