GOODREL. v. KREICHBAUM, SHERIFF.

WINGATE v. PAINTER, SHERIFF.

BARRON v. BURNSIDE, SHERIFF.

1. **Corporations:** FOREIGN: COMPULSORY DOMESTICATION IN IOWA: LAWS OF 1886, CHAP. 76: CONSTITUTIONALITY. Chapter 76 of the Laws of 1886, requiring all foreign corporations for pecuniary profit desiring to do business in Iowa, excepting those organized for mercantile and manufacturing purposes, to become domesticated in the state, and to submit to the jurisdiction of the state courts to the exclusion of the

federal courts, is not, when applied to foreign railroad corporations, repugnant to § 10, art. 1, of the constitution of the United States, or to § 21, art. 1 of the constitution of Iowa, which provide that no law shall be passed impairing the obligation of contracts; nor to § 8, art. 1, of the constitution of the United States, which gives to congress the power to regulate commerce among the states; nor to the fourteenth amendment to the constitution of the United States; nor is it void as an attempt to interfere with the constitutional jurisdiction of the federal courts.

WEDNESDAY, DECEMBER 15.

HABEAS CORPUS. The petitioners, being in custody of the several defendants as sheriffs of their respective counties, charged with the infractions of the laws of this state, severally ask that they be discharged. The cases above named were argued and submitted together; and, as they are substantially alike, but a single opinion is deemed necessary.

*Dexter, Herrick & Allen, J. W. Cary* and *W. C. Goudy,* for petitioners.

*A. J. Baker, Attorney-general, J. H. Sweeney* and *Chas. A. Bishop,* for defendants.

PER CURIAM. The petitioner Goodrel, at the time he was arrested by the sheriff, was in the employment of the Chicago, Burlington & Quincy Railroad Company as a freight conductor, and, as such, was aiding in moving from the city of Chicago to the city of Denver one of the trains of said railroad company, loaded with merchandise delivered to said company in the city of Chicago, to be transported to the cities of Denver, Omaha, Kansas City, and other points beyond the state of Iowa, and to points in the state of Iowa, and to points in the states of Nebraska, Missouri and Kansas, to be delivered at said points to certain consignees named. To enable the said company to perform the service above stated, it became necessary to run said train over that part of said road of said company extending from the Mississippi to the Missouri river in the state of Iowa. While

the said petitioner was so engaged in the state of Iowa, he was arrested by the defendant Kreichbaum, as sheriff of Des Moines county, charged with a violation of chapter 76 of the Laws of the Twenty-first General Assembly of the state of Iowa.

The petitioner Wingate was also in the employment of the said company as agent in the city of Des Moines, in this state, and, at the time he was arrested, was engaged in the performance of his duties as agent in selling tickets to various points, both within and without the state of Iowa, and he was also engaged in soliciting and receiving for transportation, and collecting tolls therefor, merchandise and traffic destined from said city of Des Moines to points within and without the state of Iowa, and within other states. While so engaged in the performance of said duties, the said Wingate was arrested by the defendant Painter, as sheriff of Polk county, charged with having violated the provisions of the said chapter of the Laws of the Twenty-first General Assembly of the state of Iowa.

The petitioner Barron, when arrested, was in the employment of the Chicago & Northwestern Railway Company as an engineer, engaged in running a passenger train, made up at Chicago, in the state of Illinois, and destined to Council Bluffs, in the state of Iowa. Said train was carrying passengers and the United States mails received at different points in the state of Illinois, and destined to points in the state of Iowa and beyond, and also from points in the state of Iowa to other points in the same state. While the petitioner was so engaged, he was arrested, and charged with the violation of said chapter 76 of the Laws of the Twenty-first General Assembly of the state of Iowa.

It is insisted by counsel for the petitioners that said chapter 76 is unconstitutional and void, because (1) it is "repugnant to section 10, article 1, of the constitution of the United States, and section 21, article 1, of the constitution of Iowa which provide that no law shall be passed impair-

ing the obligation of contracts;" (2) that said "statute is contrary to section 8 of article 1 of the United States constitution, which provides that congress shall have power to regulate commerce with foreign nations, and among the several states; (3) that said "statute is repugnant to the fourteenth amendment to the constitution of the United States, and therefore void;" (4) that said statute "is void as an attempt to interfere with the jurisdiction of the federal courts as established by the constitution of the United States and the acts of congress."

These several propositions have been exhaustively argued by counsel, and in relation thereto we desire to say that their solution presents grave difficulties. As to all the propositions but one, this court is not the final arbiter; and therefore, believing, as some of us do, that it is doubtful what construction of the constitution of the United States and the acts of congress should be adopted under the agreed statement of facts, we feel constrained to hold that the statute above mentioned is not in conflict with the constitution of the United States, or acts of congress passed in pursuance thereof, to the end that the questions presented may be determined by the supreme court of the United States.

The petitioners will therefore be remanded to the custody of the defendants, and such judgment will be accordingly entered.