SECURITY STATE BANK OF NORFOLK, APPELLANT, V. JACKSON BROTHERS, BOESEL & COMPANY: WILLIAM C. JACKSON ET AL., APPELLEES.

FILED MARCH 13, 1936. No. 29532.

*Kelsey & Kelsey* and *Morsman & Maxwell,* for appellant.

*Brogan, Ellick & Shoemaker, Moses, Kennedy, Stein & Bachrach* and *Robert B. Hamer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is an action brought by plaintiff to recover from defendant, a partnership, $168,935 as money had and received without consideration from an officer of plaintiff corporation in what are alleged to be gambling transactions. Summons was served on defendants in conformity to the provisions of the statute.

Thereafter, a petition was filed for the removal of the case to the United States district court on the ground of

diversity of citizenship. An order was entered removing the case to the federal court and staying proceedings in the state court. The petition was signed by the defendant, Jackson Brothers, Boesel & Company, and also by the individuals who compose the partnership. None of the individuals had been served with process. Subsequently, the case was remanded to the state court. After the remand, the plaintiff filed its motion for leave to amend its petition by naming and designating the individual partners as defendants in the case; for an order requiring said defendants to answer within a time to be fixed by the court, and for a default and judgment against said defendants if they fail to comply with the order. The trial court overruled plaintiff's motion, from which order the plaintiff has appealed.

At the outset, it seems well to determine whether or not one who joins in a petition for removal to the federal court has entered his appearance in the state court. Some federal courts and some state courts have held that the filing of a petition for removal constituted a general appearance and waived defects of service. But the rule supported by the greater weight of recent authorities is that the filing in the state court of a petition of removal to the federal court is not a general appearance but a special appearance only. *Goldey v. Morning News,* 156 U. S. 518; *Wabash Western Ry. v. Brow,* 164 U. S. 271; *Michigan Central R. Co. v. Mix,* 278 U. S. 492; *Hassler, Inc., v. Shaw,* 271 U. S. 195.

The appellant argues that one who intervenes in a case makes a general appearance. This, of course, assumes that the parties are interveners. The filing of the petition for removal is usually practically a matter of form. A state court rarely, if ever, refuses to order the removal. Such an order is not necessary to secure a removal. It is in effect an objection to the jurisdiction of the state court. We are satisfied to follow upon this question the authority of the more recent decisions of the supreme court of the United States.

It is at least a debatable question whether or not the order in this case was a final one, subject to review. Its

determination is rendered unnecessary for a decision because of our conclusion that a petition for removal is a special and not a general appearance.

AFFIRMED.