OTTO JOHANNSEN, Appellant, v. MID-CONTINENT PETROLEUM CORPORATION et al., Appellees.

No. 44866.

DECEMBER 12, 1939.

Powers & Gilchrist, for appellant.

Floyd E. Page, J. C. Denton, R. H. Wills, J. H. Crocker, J. P. Greve, and I. L. Lockewitz, for appellees.

MILLER, J.—On April 16, 1938, plaintiff filed a petition which named as defendants the Mid-Continent Petroleum Corp. and Thomas Lorenzen. It asserted that, on April 30, 1936, the defendant corporation was engaged in business at Denison, Iowa, and there maintained a bulk plant; that plaintiff was employed by the Denison Auto Company, whose premises were adjacent to those of defendant corporation; that defendant Lorenzen was in charge of defendant's bulk plant; that on said date, defendant was pumping gasoline from a tank car into its bulk plant, left the pumps running without any employee in attendance, plaintiff found the storage tank was overflowing, undertook to shut off the pump, a fire started and plaintiff received severe burns. Plaintiff demanded damages in the sum of $10,000.

On May 16, 1938, the Mid-Continent Petroleum Corporation filed a petition for removal of the cause to the United States District Court for the Northern District of Iowa, the petition asserting that defendant was incorporated under the laws of Kentucky and praying that the court proceed no further except to approve the petition for removal and bond and order the cause removed.

On May 18, 1938, the petition for removal and resistance thereto were submitted and, on the following day, removal of

the cause was denied. A transcript of the record was nevertheless filed in the federal court. Plaintiff filed a motion to remand, and, on July 1, 1938, the motion to remand was sustained by the federal court.

On July 19, 1938, the defendant, now specifically designated as the Mid-Continent Petroleum Corporation of Kentucky, filed a special appearance, asserting that it appeared solely to attack the jurisdiction of the court, and alleging as grounds for such attack that the person, who had been served as purported agent of the corporation was not its employee and that no jurisdiction was obtained over the corporation by such purported service. Affidavits were attached which showed that the alleged employee entered his employment on September 7, 1937, and was employed by the Mid-Continent Petroleum Corporation of Delaware, which commenced operation of the bulk plant at Denison, Iowa, on January 1, 1937.

Certificates were also attached to the special appearance and to an amendment thereto, which showed that the Mid-Continent Petroleum Corporation of Kentucky qualified to do business in Iowa November 8, 1926, but its qualification was canceled February 1, 1938, for failure to file a report for 1937, and that said corporation was in fact dissolved by voluntary action of its stockholders on December 31, 1936, and ceased doing business in Iowa from and after that date.

A special appearance was also filed by the Mid-Continent Petroleum Corporation of Delaware, but is not involved in the issues presented by this appeal.

The original notice, which apparently was served herein, was not filed of record, but on September 26, 1938, an amendment to petition was filed which asserted that the correct name of the original defendant upon whom service of notice was made was the Mid-Continent Petroleum Corporation of Delaware, that, since the filing of the petition, the Mid-Continent Petroleum Corporation of Kentucky had entered appearance in the case and, because of that fact, plaintiff "now makes the Mid-Continent Petroleum Corporation of Kentucky an additional defendant."

On October 24, 1938, the special appearance of the Mid-Continent Petroleum Corporation of Kentucky was sustained and plaintiff appeals from such ruling.

At the outset, it would seem desirable to consider certain established principles in reference to the effect of the filing of a petition for removal to a federal court. The right to remove the case is guaranteed by the United States Constitution. In the case of Barron v. Burnside, 70 Iowa 362, 30 N. W. 872, this court was called upon to determine the constitutionality of Chapter 76 of the Laws of 1886 requiring a foreign corporation, as a condition precedent to its right to secure a permit to transact business in Iowa, to submit to the jurisdiction of the courts of this state to the exclusion of the right to remove causes to the federal courts. This court was in doubt concerning the construction of the constitution of the United States and held that the statute was not in conflict with such constitution to the end that the questions presented might be determined by the supreme court of the United States. The case was taken to that court and was there reversed. Barron v. Burnside, 121 U. S. 186, 7 S. Ct. 931, 936, 30 L. Ed. 915. In so holding, the court states:

"As the Iowa Statute makes the right to a permit dependent upon the surrender by the foreign corporation of a privilege secured to it by the Constitution and laws of the United States, the statute requiring the permit must be held to be void."

The petition for removal must be filed before noon of the second day of the term for which the action is brought. Wilson v. Block Coal Co., 135 Iowa 531, 113 N. W. 348, 14 Ann. Cas. 266. If so filed, the effect thereof, as stated by us in Carey v. District Court, 226 Iowa 717, 724, 285 N. W. 236, 240, is as follows:

"Of course, if the petition for removal to the federal court was 'good and sufficient', timely filed, with proper notice and bond, the trial court lost jurisdiction to the federal court. Van Horn v. Litchfield, 70 Iowa 11, 29 N. W. 783. Wisecarver & Reynard v. Ry. Co., 139 Iowa 596, 117 N. W. 961."

In the case of Emery & Co. v. C. B. & Q. R. Co., 186 Iowa 1156, 170 N. W. 540, 173 N. W. 12, an appeal was taken to this court from an order removing a case to the federal court. We there held that the decision of the federal court was binding upon us and hence declined to pass upon the merits of the

question on appeal, stating at page 1169, of 186 Iowa, 170 N. W. at page 545, as follows:

"The transfer of the case to the Federal court was not effected by the order of the state court, but by the filing of a petition sufficient under the laws of Congress for that purpose, together with the necessary bond. New Orleans, M. & T. R. Co. v. Mississippi, 102 U. S. 135 (26 L. Ed. 96) ; Crehore v. Ohio & M. R. Co., 131 U. S. 240 (33 L. Ed. 144).

"The only question the state court could determine was whether, admitting the facts stated in the petition to be true, the petitioner was entitled to have the cause transferred to the Federal court. Burlington, C. R. & N. R. Co. v. Dunn, 122 U. S. 632 (30 L. Ed. 1159) ; Bacon v. Iowa Cent. R. Co., 157 Iowa 493 ; Iowa Cent. R. Co. v. Bacon, supra [236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591]. * * *

"The finding of the Federal court upon the question whether the cause was removable is final, and if jurisdiction is assumed thereof, is binding upon the state court until reversed."

The federal courts hold that the filing of a petition for removal constitutes a special appearance and not a general appearance. Cain v. Commercial Publishing Co., 232 U. S. 124, 34 S. Ct. 284, 58 L. Ed. 534. The state courts have followed the rule of the federal courts. In 6 C. J. S., Appearances, page 39, §12, it is stated:

"Under this rule, a petition for removal is only a special appearance whether it is so designated or not, although it is even more clearly so, where the petition for removal recites that the appearance is made only for the purpose of presenting the petition."

In 81 A. L. R. 1219, the annotator states:

"It is now well settled, both in the Federal courts and in most of the state courts which have considered the point, that an appearance in a state court merely for the purpose of presenting an application for removal to a Federal court does not constitute a general appearance."

In State ex rel. Bergougnan Rubber Corp. v. Gregory, 179 Wis. 98, 190 N. W. 918, 919, the court states:

"We agree with the federal court that an appearance for the purpose of making a motion that the cause be removed to the federal court is of itself a challenge to the jurisdiction of the court. * * *

"The rule of the federal courts is supported by the better reasoning, and is in accord with the weight of authority in the courts of the states. [Citing cases.]

"If it were otherwise, and there was no preponderance of authority or weight of reason on either side, we should adopt the federal rule for the sake of uniformity."

In the case of Security State Bank v. Jackson Bros. & Co., 130 Nebr. 562, 265 N. W. 747, 748, the court states:

"But the rule supported by the greater weight of recent authorities is that the filing in the state court of a petition of removal to the federal court is not a general appearance but a special appearance only. [Citing cases.]"

Appellant does not controvert the foregoing rules nor the fact that they are adhered to by a majority of the courts throughout the country. Appellant bases its appeal on the narrow ground that, even though the filing of the petition for removal to the federal court was in substance merely a special appearance and not a general appearance, nevertheless, under the provisions of section 11088 of the Code, it is not only necessary that it be such in fact, but also that it be announced as such when made, and not having been properly announced as a special appearance, must be considered a general appearance.

The statute provides as follows:

"Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

In this case, the record shows that the petition for removal was filed on May 16, 1938, stated the grounds for removal and concluded with a prayer that the court proceed no further except to accept the petition, approve the bond, and make an order removing the cause to the federal court, and requiring defendant to enter a transcript as provided by law. On the

same day there was entered of record the following notation, "Defendant, Mid-Continent Petroleum Corporation, filed petition and bond for removal to federal court." It is the contention of appellant that this notation was not sufficient to comply with the provisions of the statute requiring that a special appearance be announced at the time that it is made.

Appellant relies upon the holdings of this court in the case of Molsberry v. Briggs, 176 Iowa 525, 156 N. W. 999, and Marsh v. Huffman, 199 Iowa 788, 202 N. W. 581. The cases did not involve a situation such as that presented here. In the Molsberry case, the defendant filed a motion to set aside a default and, in the Marsh case, defendant appeared in an election contest. In neither case was it announced that a special appearance was made. In the first case, affirmative relief was sought, that is, the setting aside of a judgment. In the second case, a ruling on the objections to the jurisdiction was not asked for until the close of the election contest. There is language in the opinion in each case which would tend to sustain the contentions of appellant, but there are also facts of record in each case which cast doubt on the proposition whether or not the appearances were in substance special appearances at all.

Both parties rely upon and cite to us the statement of the general rule appearing in 6 C. J. S., Appearances, pages 7 and 8, §1. It is there stated:

"The nature of an appearance as general or special is not controlled by the designation given it by the appearing party. It is what the appearing party does rather than what he says that counts, or, as is frequently declared, the court in determining whether a given appearance is general or special will always look to the *substance* and the state of the record rather than the *form* of the appearance, and by this method of procedure a determination is often reached from a consideration of the relief asked or the purpose or object of the appearance. There is, it is true, a presumption that an appearance is general if the record fails to show that it is otherwise, and, because of this, a failure to designate or characterize an appearance as special may frequently result in its being held general. Even without such designation or characterization, however, an appearance is special if it is otherwise clearly disclosed that the sole purpose of the appearing party is to question the court's

jurisdiction over his person, unless there is a statute particularly requiring that the special character of an appearance be announced at the time it is made. Conversely, the fact that an appearance is styled as special will not save it from being declared general if a consideration of the *substance* discloses that the appearance was made for a purpose or purposes other than to question the jurisdiction of the court over the appearing party."

In support of the qualifying clause, "unless there is a statute particularly requiring that the special character of an appearance be announced at the time it is made," the only authority cited is Molsberry v. Briggs, supra. The text would indicate that, if the author correctly construes our holding in that case, this court stands alone among the courts of the country.

Appellee relies upon the fact that, in the case of Collins v. Powell, 224 Iowa 1015, 1023, 277 N. W. 477, 483, this court construed section 11088 of the Code, and announced the following proposition of law:

"Whether an appearance in a particular case be general or special is not determined from its designation as a special appearance, but from the nature of the appearance itself."

In support of such statement, this court quoted from 6 C. J. S., Appearances, page 7, §1, in which quotation is the following statement:

"When a consideration of the substance discloses that the only purpose is to question the jurisdiction of the court over the defendant's person, the appearance is special even though it may not expressly be so designated."

The position taken by this court in Collins v. Powell, supra, was not new to us. We had previously so held. In the case of Read v. Rousch, 189 Iowa 695, 701, 179 N. W. 84, 86, we state:

"In determining whether an appearance by a defendant is general or special, the court will look to matters of substance, rather than matters of form. Rogers v. Penobscot Min. Co., 28 S. D. 72 (132 N. W. 792)."

The language, last above-quoted, was cited with approval and expressly followed in the case of Hlas v. Quaker Oats Co., 211 Iowa 348, 353, 233 N. W. 514.

The trial court relied upon our holding in Collins v. Powell, supra, in rendering its decision herein. To reverse the case, we must recede from the position there taken by us and hold that the procedure in this state is an exception to the rule generally followed in other states. As above pointed out, the rule generally followed in other states and the one which we applied in Collins v. Powell, supra, is that, in determining whether an appearance is general or special, the court will look to the *substance* rather than the *form* of the appearance. Courts have been criticized for placing too much stress upon formal technicalities and, in so doing, shutting their eyes to the substantial rights of litigants. Much of the criticism is not warranted. We do not think that the legislature, in employing the language which it employed in section 11088, intended thereby to place this court in a position where it would deserve criticism of that character. We prefer to believe that the legislature had no such intention.

Under the record herein, when appellee's petition for removal was filed, a record was also made of an announcement that the petition for removal had been filed. This was sufficient to constitute an announcement that appellee appeared for that purpose, and, under the record, it appeared for that purpose *only*. Such an appearance is a special appearance, not a general appearance. If the appearance had been announced as a special appearance, when *in substance* it was not, it would be a general appearance. When the substance of an appearance is announced, and such an appearance is in fact special rather than general, the requirements of the statute are met. When we look to substance rather than form, we must so hold. The trial court so held. Its decision is right. It is affirmed.— Affirmed.

OLIVER, C. J., and HALE, HAMILTON, STIGER, RICHARDS, SAGER, and BLISS, JJ., concur.