HARTSOCK v. COMMODITY CREDIT CORPORATION et al. (MALONE et al., Intervenors).

Civ. No. 1–9.

United States District Court
S. D. Iowa, E. D.
May 26, 1950.

---

Edwin R. Hicklin (of Hicklin & Hicklin), Wapello, Iowa, for plaintiff.

W. O. Weaver, Wapello, Iowa, for Intervenors.

John Neiman (of Neiman & Neiman), Des Moines, Iowa, Wyner & Wyner, Cleveland, Ohio, on the brief, for defendant Builders Distributing Corp.

SWITZER, District Judge.

Builders Distributing Corporation, an Ohio Corporation, defendant herein, having filed what is designated "Special Appearance and Motion to Dismiss," the question for determination is whether or not that corporation has been brought within the jurisdiction of this court in this proceeding.

From the complaint of plaintiff Hartsock it is shown:

That in the fall of 1949, defendant, Commodity Credit Corporation, an agency operating within the United States Department of Agriculture, undertook to procure the construction of a large number of grain storage bins in Iowa for the purpose of

warehousing and storing of grains. Co-defendant Builders Distributing Corporation obtained a contract to furnish and construct the said bins on sites supplied by the Commodity Credit Corporation. No performance bond was ever required by the Commodity Credit Corporation or furnished by the Builders Distributing Corporation in connection with the said contract.

On Oct. 30, 1949, the Builders Distributing Corporation entered into two written contracts for the erection of these bins with the plaintiff to fulfill the contracts had by and between the Builders Distributing Corporation and the Commodity Credit Corporation. Under oral contracts and agreements prior to Oct. 30, 1949, plaintiff Hartsock had been engaged in the construction of such storage bins for the Builders Distributing Corporation in Iowa, and by virtue thereof he had already purchased large quantities of materials and had employed many workmen.

On Nov. 1, 1949, plaintiff Hartsock and the Builders Distributing Corporation, who in all these transactions acted through its vice-president, Mr. M. S. Clark, entered into a further oral contract and agreement whereby the written contracts mentioned were cancelled and it was agreed that plaintiff should continue and complete the construction of said bins in Iowa and in return the Builders Distributing Corporation would pay plaintiff Hartsock his actual cost for the erection of the bins and in addition thereto "a reasonable profit" for all his services. That under and by virtue of said oral contract, plaintiff continued to employ laborers and to purchase building materials and that he did thereafter complete the construction of 362 steel bins of 3250 bushel capacity each upon sites held under lease therefor by the Commodity Credit Corporation in different Iowa localities.

As a part of the oral agreement of Nov. 1, 1949, the Builders Distributing Corporation agreed to furnish funds as needed by the plaintiff to pay the workmen and for the purchase of materials. That plaintiff Hartsock relying upon this agreement of the defendant Builders Distributing Corporation issued many checks purporting to pay said laborers for their services and the material

men for their supplies as furnished on his order, but which checks are still unpaid for the failure of the Builders Distributing Corporation to abide by its agreement to furnish him with the required funds. Total cost of the construction of the said bins is alleged to be $64,136.54, toward which the Builders Distributing Corporation advanced $37,500, leaving unpaid $26,636.54, the amount claimed by plaintiff Hartsock in his action for himself and the respective working men and material men claimants for whom a purported mechanic's lien was filed in each of the counties in Iowa where said bins are located.

On motion, certain claimants, both against the plaintiff Hartsock and the defendants, were permitted to become intervenors herein. Following this intervention, on behalf of Hartsock there was filed:

"Appearance of Herman K. Hartsock to Intervenors Motion and Complaint.

"Comes now Herman K. Hartsock and by his attorneys * * * hereby enters his appearance to intervenors Motion and Complaint filed in the above entitled cause of action and consents to the jurisdicton of the court."

Application was made on behalf of the intervenors that notice of the filing of their complaint be served on the nonresident Builders Distributing Corporation of Cleveland, Ohio, by the U. S. Marshal in that city. On refusal to permit such service on the nonresident defendant, the plaintiff Hartsock filed an amendment to his complaint, to the effect that when the contract of Oct. 30, 1949, was entered into the Builders Distributing Corporation constituted and appointed said Hartsock as its agent to supervise the erection of the grain bins in Iowa, and that pursuant thereto he constructed the bins, purchased the materials needed and employed the necessary workmen, contracted said debts and obligations as the agent of the Builders Distributing Corporation, and that he was and is its agent in connection with the transaction of its business in the respective counties in Iowa where grain bins were constructed under his supervision. The complaint of the intervenors was amended in the same manner.

Summons was directed to the Builders Distributing Corporation on both the main action and on the intervenors' complaint. The Marshal's return on such service shows: " * * * I served this summons on Builders Distributing Corporation, a non resident corporation, by reading this writ to Herman K. Hartsock, its agent in the southern district of Iowa, at Wapello, Iowa. * * *"

After service of the two summons mentioned, defendant Builders Distributing Corporation filed its "Special Appearance and Motion to Dismiss" wherein it moved the court to dismiss the action or quash the return of service of summons on the ground that the Builders Distributing Corporation is an Ohio corporation and service of summons was made upon Mr. Hartsock as agent of the Builders Distributing Corporation, which agency did not exist at the time of the service and that no jurisdiction exists therefor. Also, "To dismiss the action because of lack of jurisdiction over the subject matter in that plaintiff attempts to invoke the jurisdiction of this court by filing purported mechanics liens but the purported mechanics liens show on their face that they are insufficient under Chapter 572 of the 1946 Code of Iowa. [I. C. A.].

An affidavit of the president of the Builders Distributing Corporation was attached containing statements disclaiming any agency relationship between Hartsock and the said corporation or that he was ever authorized to accept service of process on behalf of that corporation.

On the other hand, affidavits were filed for and on behalf the plaintiff and intervenors in resistance to the Special Appearance and Motion to Dismiss by Mr. A. T. Wollenhaupt, assistant cashier of the State Bank of Wapello, Iowa, stating generally that vice-president Clark of the Builders Distributing Corporation opened an account with his bank in October 1949 and made deposits in less than thirty days of $35,500, which were drawn out on checks signed by Mr. Hartsock who had been authorized by Mr. Clark to fill in as to payee and amount in connection with the construction of steel grain bins. Mr. Hartsock also filed his affidavit in resistance to said special appear-

ance and motion wherein he sets out what transpired between him and Mr. Clark in the entering into of the agency contracts and the many acts and services which he performed in fulfilling and carrying out the agency so delegated to him by the Builders Distributing Corporation, in the main as alluded to above.

Commodity Credit Corporation has not yet filed its pleading as it has been granted an extension of time to do so.

These are the facts of the controversy rather fully stated. The court regrets exceedingly that it has had to give precedence to trial work in the interval since the submission of the Special Appearance to the present time.

We come directly to the question in issue —Was the service of process on Herman K. Hartsock, "its agent in the Southern District of Iowa, at Wapello, Iowa," on plaintiff's and intervenor's complaints, valid to obtain jurisdiction of the person of Builders Distributing Corporation in this action?

The question thus posed must under the authorities be answered in the negative as to both.

It is apparent from the pleadings and the affidavits of the respective parties that the defendant corporation did do business in this State, that the plaintiff Hartsock was for certain purposes an agent of said corporation during the time it did business in this jurisdiction.

■ The questions here presented are procedural in character and thus governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. See Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 445, 66 S.Ct. 242, 90 L.Ed. 185, which was confined to Rule 4(f). Citation of Iowa authorities is made merely in support thereof. Rule 4(d) (3) of the Federal Rules clearly authorizes service upon a principal by and through an agent, in the absence of an adverse interest.

■ If therefore we should conclude our inquiry at this point without further pursuing the question of the relationship and interest of the plaintiff Hartsock, jurisdiction certainly would be conferred by the process served here on the plaintiff's and intervenor's complaints. And it is im-

material in this State whether the agency at the time of the service of process had or had not been terminated. Tuttle v. Nichols Poultry & Egg Co., Iowa, 35 N.W.2d 875,

In this State service of process on an agent in charge of the agency out of which the transaction in question arose, is sufficient to confer jurisdiction as to the principal corporation. Duhigg v. Waterloo Gasoline Engine Co., 189 Iowa, 547, 178 N.W. 530.

■ But service on an officer or agent, who, although within the terms of the statute, sustains such a relation to plaintiff or the claim in suit as to make it to his interest to suppress the fact of service, is unauthorized. Section 1315, 19 C.J.S., Corporations, p. 999, and cases cited under Note 69 thereof. Section 108, 42 Am.Jur. page 94. And, as was said by the Supreme Court of the State of Iowa in Re Estate of Duro, 236 Iowa 165, 168, 18 N.W.2d 199, 201, in 1945: "When an original notice is served upon an authorized agent in a suit against the principal or upon an officer in a suit against his company, it marks the commencement of the action and is for the purpose of acquiring jurisdiction of the person of defendant. It imposes upon the one served the duty of acquainting his principal with the commencement of the proceeding in order to avoid default and to enable the defendant to prepare his defense. Interest adverse to the principal in such a case clearly should and does disqualify the service agent. To hold otherwise would manifestly open a door to fraud. White House Mountain Gold Min. Co. v. Powell, 30 Colo. 397, 70 P. 679; Atwood v. Sault Ste. Marie Light, Heat & Power Co., 148 Mich. 224, 111 N.W. 747, 118 Am.St.Rep. 576."

■ In Iowa an agent cannot represent both himself and his employer in transactions where their interests are adverse. Clapp v. Wallace, 221 Iowa 672, 676, 266 N.W. 493; Benton v. Morningside College, 202 Iowa, 15, 209 N.W. 516.

In George v. American Ginning Co., 46 S.C. 1, 24 S.E. 41, 32 L.R.A. 764, 57 Am.St. Rep. 671, it was held that an agent could not commence an action against his corporate principal by having himself served with

process when his interest in the outcome of the suit was adverse to his principal.

■ It cannot be seriously argued that the plaintiff Hartsock has no pecuniary or adverse interest personally in the outcome of this suit. His personal interests, even though adverse to the intervenors, are likewise squarely adverse to the defendant corporation. This is true both as to his own prayer for relief and the prayer of the intervenors against the defendant corporation independently of the claim of the plaintiff Hartsock. The very agency which he here urges is to be determined in the suit and his ultimate personal liability to said intervenors or the shifting of that liability to the alleged principal would be determined here in a trial on the merits.

These factual conclusions compel a holding that this court is without jurisdiction over the person of the defendant corporation.

■ Both the plaintiff Hartsock and the intervenors strongly urge that the pleading filed herein on March 28, 1950, by the defendant Builders Distributing Corporation, which was denominated "Special Appearance and Motion to Dismiss," in fact constituted a general appearance, because by its terminology it invokes other powers of this court than simply to quash the service of process.

Support for a conclusion on this point may be found in old Iowa Supreme Court cases, as Wood, Bacon & Co. v. Young, 38 Iowa 102, 106, wherein appears the statement: "A motion which calls into action the powers of a court for any purpose, except to decide upon its own jurisdiction constitutes a full appearance." More recent decisions of the Iowa Supreme Court have relaxed the rigidness of the former rule on "special appearances." Read v. Rousch, 189 Iowa, 695, 701, 179 N.W. 84; Johannsen v. Mid-Continent Petroleum Corporation, 227 Iowa 712, 719, 288 N.W. 911. However, the contention of the plaintiff and intervenors here that the Builders Distributing Corporation in its "special appearance" has gone beyond the limits of such a pleading is answered by the very wording of Rule 12(b), Federal Rules of Civil Pro-

cedure, which is plain and unambiguous as to the present latitude on defensive motions. Judge Maris in Orange Theatre Corp v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, page 874, says: "It necessarily follows that Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances."

The motion should accordingly be sustained and the Clerk will enter the following order:

The above entitled matter came on for hearing in open court at Des Moines, Iowa, on the Special Appearance and Motion to Dismiss by the defendant Builders Distributing Corporation, which was argued both orally and by written briefs, and the court having filed its memorandum opinion herein;

It is Ordered that the said Special Appearance and Motion to Dismiss by the defendant Builders Distributing Corporation be, and the same is, hereby sustained. Plaintiff and intervenors except.