MR. CRAIG: *I don't think I can stipulate to that.* [emphasis added].

The result of this conversation was that the parties agreed that if the jury found that the union had breached its duty of fair representation and the company had breached the collective bargaining agreement, the company would be responsible for the $428.40. If, however, the jury found no breach of the duty of fair representation but did find a breach of the collective bargaining agreement, the parties agreed that there would be no damages award and that a verdict in favor of both defendants would be entered.

Evidence of damages attributable solely to a breach of the duty of fair representation was not adduced. Plaintiffs attempted to introduce evidence of mental anguish and suffering. Such evidence was disallowed by the Court. *de Arroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO, supra.* Absent any evidence of damages, the Court concludes that plaintiffs are entitled to recover only nominal damages.

Accordingly, the union's motion will be granted and plaintiffs' motions will be denied.

**L & M CONSTRUCTION CHEMICALS,**
**Plaintiff,**

v.

**The DAYTON SURE–GRIP & SHORE COMPANY, INC., et al., Defendants.**

**Civ. No. 77–0–40.**

United States District Court,
D. Nebraska.

Jan. 25, 1978.

William M. Homan, Omaha, Neb., for plaintiff.

Bruce D. Vosburg, Omaha, Neb., Michael R. Merz, Dayton, Ohio, for defendants.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter is before the Court on the motion to dismiss of defendant Dayton Sure-Grip and Shore Company, (Filing No. 5) which alleges that Dayton Sure-Grip is not subject to service of process within the District of Nebraska.

The complaint in this case alleges that defendant William Falls, defendant BCS Chemicals, Inc., d/b/a Building Cleaning Systems, Inc., and the Dayton Sure-Grip and Shore Company misappropriated the plaintiff's formulas, trade secrets and customer lists. The plaintiff, L & M Construction Company, had contracted with defendant Falls and defendant BCS Chemicals for the manufacture of certain chemicals used in concrete construction. It is the information gained through that contract which L & M claims has been misappropriated.

Defendant Dayton Sure-Grip was not a party to the original contract, which was terminated in July, 1975. Subsequent to the termination of the contract between L & M and BCS Chemical, Dayton Sure-Grip and Shore purchased the assets of BCS Chemical, Inc., in October, 1975. L & M has included Dayton Sure-Grip as a defendant in this suit on the grounds that Dayton Sure-Grip is a successor in interest to BCS Chemical and, consequently, liable for the alleged breaches of contract and tortious conduct by defendant Falls and BCS Chemicals. Under a successor in interest theory, L & M alleges that Dayton is subject to service of process in the District of Nebraska.

Dayton Sure-Grip argues its motion for dismissal as a defendant in this action on four grounds:

a) That Dayton Sure-Grip is an Ohio corporation, not qualified to do business in Nebraska;

b) That Dayton Sure-Grip does no business with and has no connections whatsoever with the plaintiff L & M Construction Chemicals;

c) That Dayton Sure-Grip has no offices, resident agents or sales representatives nor any real or personal property within the state of Nebraska; and

d) That Dayton Sure-Grip is not a party to the contract which is the subject of this action.

*Forest Laboratories, Inc. v. Pillsbury Co.,* 452 F.2d 621, 625 (7th Cir. 1971), concerns similar allegations of misappropriation of trade secrets. The court stated:

> The well settled rule of American jurisdictions . . . is that a corporation which purchases the assets of another corporation does not, by reason of succeeding to the ownership of the property, assume the obligations of the transferor corporation. 15 Fletcher, *Cyclopedia of the Law of Private Corporations,* Section 7122 (1961 Rev. Vol.); (Other citations omitted.) Exceptions to this rule exist where (a) the purchasing corporation expressly or impliedly agrees to assume the liabilities of the seller, (b) the transaction amounts to a consolidation or merger of the two companies, (c) the ·purchasing corporation is merely a continuation of the selling corporation, or (d) the transaction is entered into fraudulently to escape liability.

The purchase agreement provides that Dayton Sure-Grip would purchase all the assets of BCS except blending formulas, trade secrets and some business documents. Dayton assumed only those liabilities specifically set forth in the agreement; the agreement does not list any liability to L & M Construction Company. Dayton paid full value to BCS for these assets. The transaction was an arms-length, assets-only acquisition. Falls became an employee, but not an officer, of Dayton Sure-Grip. He did not retain any ownership interest in the property conveyed, nor did he or BCS acquire any stock or ownership interest in Dayton Sure-Grip. Dayton Sure-Grip did not absorb or merge with BCS nor did it pay for or acquire any stock or ownership interest in BCS. BCS continued its sepa-

rate existence and paid its creditors out of the consideration received from the sale, in accord with the creditor's agreements made at the time of the acquisition.

In reviewing the pleadings, briefs and other documents submitted on this motion, the court finds that the purchase of BCS Chemicals by Dayton Sure-Grip is not within the exceptions quoted above. Accordingly, the successor in interest theory upon which the plaintiff relies to find jurisdiction in this court must fail.

■ The plaintiff also argues that defendant Dayton Sure-Grip submitted itself to the jurisdiction of the State of Nebraska by stipulation and motion for extension of time within which to plead filed in the state court, and subsequently by petition for removal to the federal courts of Nebraska and lastly, by designating Omaha, Nebraska, as a place of trial. Dayton Sure-Grip denies ever having made a motion for an extension of time within which to plead in this case. The plaintiff has introduced no evidence indicating that such a motion was ever presented to the court, nor is it included in the record of this case. In addition, the plaintiff's allegation that a petition for removal to federal court constitutes an appearance is unfounded. *See Kauffman v. Kennedy,* 25 F. 785 (8th Cir. 1885); *Security State Bank v. Jackson Bros., Boesel & Co.,* 130 Neb. 562, 265 N.W. 747 (1936). In light of these circumstances, the court does not find that defendant Dayton Sure-Grip and Shore Company has submitted itself to jurisdiction of the court and waived its right to object to service of process on the grounds that jurisdiction is lacking. Accordingly, a separate order will be entered this day dismissing the defendant Dayton Sure-Grip and Shore Company as a defendant in this case.