**BUDGET MARKETING, INC., Plaintiff,**

v.

**Jack TOBACK, Defendant.**

**Civ. No. 80–434–D.**

United States District Court,
S. D. Iowa, C. D.

Jan. 15, 1981.

Richard L. Rick, Des Moines, Iowa, for plaintiff.

Barbara G. Barrett, F. Richard Lyford and Addison M. Parker, Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION, RULING AND ORDER OF DISMISSAL

VIETOR, District Judge.

Defendant's motion to dismiss presents the issue of the validity of service of process by plaintiff on plaintiff as defendant's appointed agent to receive plaintiff's service of process.

Plaintiff, a corporation, and defendant, an individual, entered into a franchise agreement and a related sub loan agreement. Plaintiff is the franchisor-lender and defendant is the franchisee-borrower. An examination of the franchise agreement and the sub loan agreement unmistakably reveals that they are plaintiff's form agreements.

Paragraph 20.01 of the franchise agreement provides in part: "A copy of a Sub Loan Agreement is attached hereto as Exhibit F for the purpose of incorporating herein by this reference, all of the terms and provisions of the Sub Loan Agreement and expressly effects, by way of illustration but not in limitation, the incorporating herein of paragraph 10.16 of the Sub Loan Agreement."

Paragraph 10.16 of the Sub Loan Agreement provides:

Dealer [defendant] hereby designates and appoints, without power of revocation, Lender [plaintiff] or, if applicable, Company as assignee of Lender, as the agent of Dealer upon whom may be served all process, pleadings, and other papers in any civil suit or action brought against Dealer arising out of, or in connection with, this Agreement, in any court of competent jurisdiction, Federal, State or Territorial, located in the United States or its territories. Dealer hereby consents, stipulates and agrees, without power of revocation:

(a) that any civil suit or action brought against it arising out of, or in connection with, this Agreement, may be commenced against Dealer in any court of competent jurisdiction, Federal, State or Territorial, located in the United States or its territories, by service of process, pleadings, and other papers upon Lender or, if applicable, upon Company;

(b) that service of process, pleadings and other papers upon Lender or, if applicable, Company shall be taken and held in all courts to be as valid and as binding upon Dealer as if due personal service thereof had been duly made upon it; and

(c) that service upon Lender or Company may be effected by delivering copies of said process, pleadings or other papers to the respective President or any Vice President of Lender or Company or to any person designated in writing by Lender or Company for such purpose, and that the written acknowledgement of the respective President or any Vice President of Lender or Company or of such other respective person reciting that said process, pleadings or other papers were received by Lender or Company and that a copy of each such process, pleading or other paper was forwarded to Dealer at the last address supplied by Dealer under this Agreement shall constitute evidence of such service upon Dealer.

On October 21, 1980, plaintiff filed its complaint and, pursuant to instructions of the plaintiff's attorney, the United States Marshal delivered a copy of the summons and of the complaint to Phyllis Parr, a vice president of plaintiff. On October 22 Mrs. Parr mailed a copy of the summons with complaint attached to the defendant at 889 W. Beach Street, Long Beach, New York 11561, defendant's last known business address, by certified mail, return receipt requested. The return receipt reflects that it was received in Long Beach, New York, on October 25.

Defendant has moved to dismiss the complaint on the ground, *inter alia*, that he was never served in a manner permitted by law. The court agrees with this contention.

Fed.R.Civ.P. 4(d)(1) provides that service of the summons and complaint may be made upon an individual "by delivering a copy of the summons and of the complaint to an agent authorized by appointment * * to receive service of process."

Appointment of the plaintiff as the defendant's agent to receive plaintiff's service of process is fraught with potential mischief. It is inherently wrong. I conclude that the issue presented is governed by the well reasoned opinion of Judge Switzer in *Hartsock v. Commodity Credit Corp.*, 10 F.R.D. 181 (S.D.Iowa 1950). "[S]ervice on an officer or agent, who * * * sustains such a relation to plaintiff or the claim in suit as to make it to his interest to suppress the fact of service, is unauthorized." *Id.* at 184. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 318 n.9, 84 S.Ct. 411, 415, 11 L.Ed.2d 354 (1964).

Plaintiff relies on the holding in *National Equipment Rental, Ltd. v. Szukhent, supra.* In *National Equipment Rental* the Court held that the appointed agent's acceptance and prompt transmittal to defendants of the summons and complaint were sufficient to validate the agency, even though the defendants were not acquainted with the agent and she had not expressly undertaken to transmit notice to them. Plaintiff's reliance on *National Equipment Rental* is misplaced because in that case the agent authorized by appointment was not the plaintiff itself, nor was it alleged that the

agent had any pecuniary interest in the subject matter of the litigation. *Id.*

■ It is this court's conclusion that the agency for receiving service of process established by the franchise and sub loan agreements is invalid per se, and it is not made valid by the fact that Mrs. Parr promptly forwarded copies of the summons and complaint to defendant. In *National Equipment Rental, Ltd. v. Szukhent, supra,* 375 U.S. at 318, 84 S.Ct. at 415, the Court acknowledged that "[a] different case would be presented if [the appointed agent] had not given prompt notice to the respondents, for then the claim might well be made that her failure to do so had operated to invalidate the agency." From the Court's suggestion that a valid agency might be invalidated by the agent's failure to give notice to the defendant, it does not follow that an invalid agency can be validated by the agent giving notice to the defendant. The service in the instant case was invalid ab initio, and invalid service is not made valid by the fact that the summons and complaint did actually reach defendant. *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 373 (2d Cir. 1978); *Tart v. Hudgins,* 58 F.R.D. 116, 117–18 (M.D.N.C.1972); *DiLeo v. Shin Shu,* 30 F.R.D. 56 (S.D.N.Y.1961).

■ When service of the summons and complaint is invalid, "the court has discretion to either dismiss the action, or quash service but retain the case." *Haley v. Simmons,* 529 F.2d 78, 79 (8th Cir. 1976). The statute of limitations has not run; defendant has commenced a suit against plaintiff in respect to the franchise agreement in New York; and defendant's invalid appointment of plaintiff as defendant's agent for receiving plaintiff's service of process is a provision that plaintiff placed in its form agreements. Under these circumstances I believe this court's discretion is best exercised by dismissal rather than merely quashing service.

The motion to dismiss is sustained, and plaintiff's complaint is dismissed.