MIKE MEAD *vs.* CHARLES E. SANDERS.

Submitted on briefs April 9, 1894. Affirmed April 20, 1894.

No. 8463.

**Practice in Justice's Court.**

Whether, after the commencement of a trial in a justice court before a jury, it is error or abuse of discretion on the part of the justice to adjourn court for six days, without the consent of appellant, is not decided. *Held,* that in any event it was waived by the appellant failing to except thereto, and by his appearing and proceeding with the trial at the time to which it was adjourned.

Appeal by defendant, Charles E. Sanders, from a judgment of the District Court of Rock County, *P. E. Brown*, J., entered May 15, 1893, against him for $3 damages and $29 costs.

*L. S. Nelson,* for appellant.

*A. J. Daley,* for respondent.

CANTY, J. This action was commenced in a justice court to recover $10 damages, caused by defendant's cattle going upon plaintiff's land, and eating his straw and fodder. The jury, after laboring two days, brought in a verdict for plaintiff for $3. Defendant appealed to the District Court on questions of law, and, upon affirmance by that court, appealed to this.

On the trial, plaintiff called the defendant for cross-examination, and asked him what had become of a contract under which defendant had cropped part of the land, and under which he claimed a right to the straw and fodder. He answered that he gave it to his attorney. This question was objected to by defendant, and the

overruling of the objection by the justice is assigned as error. We are unable to see the error. The trial commenced at half past one o'clock Saturday afternoon, and, after the case was partly tried, some time that afternoon or evening, the court adjourned to the following Friday. The defendant objected to the adjournment, but took no exception. It must be understood from the record that he appeared and proceeded with the trial at the time to which it was adjourned, so that, if there was any irregularity in the adjournment, it was thereby cured. These are the only errors urged by appellant. The appeals are about as frivolous as the original action, and the parties should be given a chance to rest from their legal strife.

The judgment appealed from should be affirmed. So ordered.

BUCK, J., absent, took no part.

(Opinion published 58 N. W. 683.)