LEWIS L. MAY v. CHARLES D. GRAWERT.[1]

May 16, 1902.

Nos. 12,904—(51).

Jurisdiction of Justice Court — Discharge of Jury without Further
Action.

> In an action tried to a jury in justice's court, it appeared from the
> docket entries that the jury disagreed, and was discharged at 10.30 p.
> m., March 19. The docket failed to show any continuance or other
> disposition of the cause at that time, or at any time subsequent to the
> discharge of the jury, and it contained no other entries until April 3,
> when, in response to a notice from defendant's attorney that he would
> then apply "for a new venire for a retrial," plaintiff's attorney appeared,
> and objected to further proceedings upon the ground that the court had
> lost jurisdiction of the cause, which objection was overruled, an ex-
> ception taken, and, against plaintiff's protest, another trial was had.
> Held, that the justice lost jurisdiction of the case by permitting a period
> of two weeks to elapse after discharging the first jury before taking
> further action.

Amendment of Complaint—Waiver.

> Before proceeding to trial, but after the objection, ruling, and excep-
> tion, counsel for plaintiff amended their complaint, but not so as to
> change the cause of action. Held, that by this amendment plaintiff did
> not waive or surrender his previously asserted objection, and did not
> restore or confer jurisdiction upon the court to further proceed.

Appeal by plaintiff from a judgment of the municipal court of
St. Paul, Hine, J., affirming a judgment of a justice of the peace.
Reversed.

O. H. Comfort and H. J. & A. E. Horn, for appellant.

B. F. Latta, for respondent.

COLLINS, J.

From a judgment rendered against him in justice court, the
plaintiff appealed to the municipal court of the city of St. Paul
on questions of law alone. The determination of the justice was
there affirmed, and this appeal is from a judgment subsequently

[1] Reported in 90 N. W. 383.

entered against the plaintiff in municipal court for costs and disbursements.

It appears from the return of the justice, on which the appeal was decided in municipal court, that on March 19, 1901, the case was tried to a jury, and the result was a disagreement; the justice certifying in his docket that he was satisfied that it was useless to hold the jury longer. The jury was discharged at 10.30 that evening. The docket fails to show any continuance or other disposition of the case at that time, or at any time subsequent to the discharge of the jury; and it contained no entries whatsoever until April 3,—an interval of two weeks. It then appears from the docket that on April 1, defendant's attorney served notice upon the plaintiff that he would apply to the justice "for a new venire for the retrial of said action" on April 3. At that time plaintiff's attorney appeared and objected to further proceedings upon the ground that the court had lost jurisdiction of the cause by failing to issue a new venire, upon discharging the jury, as provided by G. S. 1894, § 5014, and because two weeks had elapsed without any steps being taken in the action. These objections were made more than once, and the court was fully informed of plaintiff's position and claim. The objection to further proceedings for the reasons stated was overruled, plaintiff excepting, and he was compelled to proceed to another jury trial; the verdict being against him. Prior to entering upon the second trial, but subsequent to the objections before mentioned, the plaintiff amended his complaint, and the original answer was refiled as an answer to this amendment.

The municipal court seems to have been of the opinion that by amending his complaint the plaintiff voluntarily submitted to the jurisdiction of the court, waived all objections previously made, and consented to the further proceedings; and this view led it to conclude that the judgment of the justice should be affirmed. Three cases have been cited as supporting this position: Wrolson v. Anderson, 53 Minn. 508, 55 N. W. 597; Mead v. Sanders, 57 Minn. 108, 58 N. W. 683; McCubrey v. Lankis, 74 Minn. 302, 77 N. W. 144. A casual examination will show that they are not in point, the facts being wholly different. The statutory provisions which

govern the procedure in justice's court must be strictly followed, and this has been the ruling of this court during its entire history. This strict rule has been applied in a number of cases involving the right of a party to plead or to try his case at a time other than that prescribed by statute, and has also been applied when the time within which a justice may enter judgment was in controversy. School Dist. No. 7 v. Thompson, 5 Minn. 221 (280); Mattice v. Litcherding, 14 Minn. 110 (142); Murray v. Mills, 56 Minn. 75, 57 N. W. 324. In the latter case it was held that, unless judgment is rendered and docketed within the prescribed statutory period of three days after the cause has been submitted to the justice, he has no power to act,—loses jurisdiction,—and that a judgment entered and docketed after the expiration of this period of three days is void on its face. In view of this decision, and of others above mentioned, it was not within the power of the justice to permit a period of two weeks to expire after the jury had disagreed and had been discharged, before taking any further steps in the case. Jurisdiction was not restored, nor was the justice given power to proceed, by the filing of the amended complaint, which in no respect changed the cause of action, as is apparent from the fact that no amendment to the answer was thereby made necessary. The plaintiff's objection to further proceedings on the grounds stated was in advance of his application to amend. He had repeatedly made his objections, and was not required to protest, object, and except to the exercise of jurisdiction by the justice at every stage of the trial. Such a course would serve to incumber the record, and would be disrespectful to the court.

In Perkins v. Meilicke, 66 Minn. 409, 69 N. W. 220, the defendants answered after their objection to the jurisdiction was overruled. It was claimed by the plaintiff that, by answering and proceeding with the trial, defendants submitted to the jurisdiction of the court. We held to the contrary, and that as the defendants were compelled to take some steps to protect their interests, after having specially appeared and objected, they did not waive their rights and make a general appearance by filing an answer in which they again insisted that the court had no jurisdiction over them. The cases cannot be distinguished. This is the well-settled rule,

and is well stated in Elliott, App. Proc. 631, as follows: "If a party appropriately and seasonably objects to the jurisdiction of his person, he is not, according to what seems to us the better opinion, to be regarded as waiving the objection by answering to the merits after his objection is overruled and due exception reserved. Having done all in his power, at the proper time, to present his objection, subsequently contesting the case is in no just sense a waiver. A party cannot be held to relinquish a right which he asserts as the law requires, nor is he bound to constantly repeat his objection. It would be unjust to hold that he must surrender his right, or yield a right he has done his best to preserve and assert." The authorities on this are abundant, and need not be further cited.

It is suggested that a distinction should be made between plaintiff and defendant, and that, while it may be that the latter could properly urge that jurisdiction was lost by the failure of the justice to proceed, the same objection is not open to the plaintiff. We fail to see any merit in this suggestion. When jurisdiction is lost by reason of a failure to proceed, it must be lost as to both parties, not simply as to one. If the situation becomes such that the defendant may successfully object to further proceedings because the court has lost jurisdiction over his person, no good reason exists for denying the same right to the plaintiff. If this were not so, the plaintiff would be bound by the result of the trial, while the defendant, if defeated, could successfully rely upon his objection, and reverse a judgment against him.

No statutory costs will be taxed in this

Judgment reversed.