# W. T. HANFORD v. VILLAGE OF ALDEN and Others.[1]

June 13, 1913.

Nos. 18,250—(280).

**Election — notice of contest — vote on sale of liquor.**

In a contest as to the result of an election in a village upon the question of licensing the sale of intoxicating liquors, it is *held:*

(1) That the filing and service of the notice of contest gives the district court jurisdiction of the proceeding; and it does not lose jurisdiction by a failure to appoint a term of court for the hearing of the contest within 30 days after the canvass as the statute requires.

(2) That where the ballot is headed "License Ballot," with the words "For License" and "Against License" in two separate parallel lines underneath, with no column at the right for a cross-mark, though there is sufficient space, and there are no instructions as to voting, a ballot marked with a cross-mark at the right of "For License," and with an irregular pencil line commencing at the right of the words "For License," and close to the cross-mark, and running through the top of the words, then curving down and returning to the right through the lower part of them near the cross-mark, is not a vote for license.

W. T. Hanford appealed to the district court for Freeborn county from the action of the village council of Alden, declaring the result at the March, 1913, election on the question of license for the sale of intoxicating liquors in the village, to be in favor of license. The appeal was heard before Kingsley, J., at which time the trustees of the village appeared specially as contestees for the purpose of objecting to the hearing, for the reason the court had no jurisdiction in the premises. The objections were overruled and thereafter the facts were stipulated. The court made findings of fact and ordered judgment reversing the decision of the canvassing board and decreeing that the election resulted against the issuing of licenses. From the decision of the district court, contestees appealed. Affirmed.

[1] Reported in 142 N. W. 15.

*Morgan & Meighen,* for appellants.
*Norton & Norton,* for respondent.

DIBELL, C.

This is an appeal from a judgment of the district court of Freeborn county, in an election contest, adjudging that at an election held in the village of Alden on March 11, 1913, at which the question of the issuing of licenses to sell intoxicating liquors in the village was submitted, the result was against the issuing of licenses.

1. The first point made by the contestee is that the district court lost jurisdiction to try the contest because of its failure to fix a special term for the trial to be held within 30 days after the canvass of the election returns. The canvass was made on March 12, 1913. On April 12, 1913, the contestees moved for a dismissal of the contest because of the failure to appoint a term of court to be held within 30 days after the canvass. The court denied this motion, and on April 19, 1913, on motion of the contestant, appointed a special term for May 1, 1913, at which time the trial was had.

Chapter 59, p. 78, Laws 1911, provides that in an election contest "the testimony shall be taken, and the matter tried and determined, in the same manner as such actions are tried by the court, at a general or special term, if any, occurring within thirty days after such canvass. When no term is already fixed, the judge shall seasonably appoint a special term to be held within such time."

The contestee claims that the court lost jurisdiction because no term, either general or special, occurred within 30 days after the canvass, and the court appointed none to be held within such time.

It is the purpose of the statute to speed the hearing in an election contest; but the court does not lose jurisdiction because of a failure to appoint a term to convene within 30 days after the canvass. The court acquires jurisdiction by the service and filing of the notice of contest. The purpose of the statute to hasten contests might be given effect by dismissing a contestant's appeal for laches, and there would be an appropriate remedy should the court refuse to appoint a term. The doctrine of such cases as Murray v. Mills, 56 Minn. 75, 57 N. W. 324, and May v. Grawert, 86 Minn. 210, 90 N. W. 383,

holding that a justice of the peace must act within the times fixed by the statute, is not applicable here, for a justice court is a court of limited and defined jurisdiction, and the district court is a court of general jurisdiction, even when trying a statutory election contest.

The court was right in denying the motion to dismiss and in appointing a time for the hearing of the contest.

2. At the election 121 ballots were cast. Sixty were for license. Sixty were against license. One is in dispute. It was counted by the canvassing board as a vote for license, and by the district court against license. The disputed ballot has the heading "License Ballot." Underneath, in a parallel line, are the words "For License," and under these words, in a parallel line, are the words, "Against License." There are no instructions as to voting. There are no columns at the right for a cross-mark. There is sufficient space. The ballot was marked with a cross-mark opposite the words "For License." Commencing somewhat at the right of the words "For License," and close to the cross-mark, an irregular line runs to the left through the top of the two words, curves downward, and returns through the lower part of them and approaches near to the cross-mark. It is written with the same indelible pencil as the cross-mark. There are no other marks upon the ballot.

Section 1528, R. L. 1905, which provides for a vote on local option in villages of the class to which Alden belongs, provides that the vote on the question shall be by ballot. There is no provision as to the kind of ballots. Any sort of a ballot which expresses the intent of the voter is given effect.

The disputed ballot is not a vote for license. To authorize the granting of licenses a majority for license is necessary. State v. Village Council of Osakis, 112 Minn. 365, 128 N. W. 295. The result was not in favor of licensing.

Judgment affirmed.