F. E. MARSH, Appellee, v. W. F. HUFFMAN, Appellant.

ELECTIONS: Contest—Jurisdiction of Subject-Matter. The act of a
1  contestant in properly filing his statement of contest and bond, and
   the approval of the latter, confer on the contest court jurisdiction
   over the contest.

ELECTIONS: Contest—Jurisdiction of Incumbent. A court of contest,
2  having acquired jurisdiction over the contest, acquires jurisdiction
   over the incumbent by the act of the latter in appearing and nomi-
   nating his representative on the contest court and thereafter par-
   ticipating in the proceedings.

ELECTIONS: Contest—Authorized Continuance. A contest court, hav-
3  ing acquired jurisdiction of the contest, may, on discovering that
   no proper service has been made on the incumbent, validly continue
   the proceeding, even beyond the thirty days provided by statute,
   in order to effect such service.

ELECTIONS: Contest—General Appearance by Incumbent. The act of
4  an incumbent in appearing in an election contest and questioning
   the jurisdiction of the contest court, but without any announcement
   that his appearance was solely for said special purpose, constitutes
   a *general* appearance.

ELECTIONS: Contest—Ballots as Evidence. In order that ballots may
5  be receivable in evidence, it must be shown that they have been
   zealously guarded; but it need not be shown that they could not,
   by any possibility, have been tampered with.

ELECTIONS: Ballots—Failure to Fold, Wire, and Seal. The statutory
6  provision that ballots shall be folded, wired, and sealed by the
   judges of election is directory.

Headnote 1: 20 C. J. p. 212 (Anno.)  Headnote 2: 20 C. J. p. 219.
Headnote 3: 20 C. J. p. 220 (Anno.)  Headnote 4: 20 C. J. p. 219.
Headnote 5: 20 C. J. p. 243 (Anno.)  Headnote 6: 20 C. J. p. 199.

*Appeal from Cerro Gordo District Court.*—C. H. KELLEY, Judge.

MARCH 17, 1925.

CONTEST for election to the office of sheriff of Cerro Gordo
County. From a decree by the district court confirming the
decision of the contest court, the incumbent appeals.—*Affirmed.*

Senneff, Bliss, Witwer & Senneff, for appellant.

Robinson, Boomhower & Moe, Blythe, Markley, Rule & Smith, and R. S. Stanbery, for appellee.

ALBERT, J.—I. At the general election held on November 7, 1922, the appellant and appellee were opposing candidates for the office of sheriff of Cerro Gordo County. The official canvass, as announced by the board of supervisors, gave the appellant the election, with a majority of 38 votes. While the issues in the case are but two in number, to a fair understanding thereof a general statement of the situation must be made.

*1. ELECTIONS: contest: jurisdiction of subject-matter.*

On the 21st of November, 1922, the official canvassers announced the election of appellant herein to the office of sheriff. The appellee, on the same date, filed in the office of the county auditor of Cerro Gordo County, a statement of contest, in which he set out his grounds of contest, which are not material, accompanied by a bond in the sum of $500, as provided by statute; and while the county auditor, in the testimony given before these different courts, varies as to whether he approved the bond, we find that he did approve the bond.

On the 27th of November, 1922, W. F. Doderer, who was then the chairman of the board of supervisors, fixed the date for hearing in the contest on the 12th day of December, 1922, at 10 o'clock A. M., at the courthouse in Mason City, Iowa. This notice, with a copy of the statement of contest attached, was then delivered to the auditor of said county, with instructions to have the same served. This the auditor proceeded to do, by simply mailing to the contestee said notice, with a copy of the statement of contest attached. Other than this, there was no service of said notice.

On the 11th of December, 1922, contestant filed his nomination of associate judge in the office of the county auditor, as provided by statute. On the 12th of December, 1922, and prior to the time fixed for the convening of said contest court, a temporary writ of injunction was served on contestant, county auditor, and chairman of the board of supervisors, enjoining them from organizing as a contest board, or from opening any ballots or recounting the same, or from taking said ballots from

the vaults or place where they were kept, under the proceedings and steps heretofore taken, until the further order of said court in the premises.

On the 16th of December, 1922, Doderer, the chairman of the board, signed another notice to the appellant, setting. the 27th day of December, 1922, at 10 o'clock in the forenoon, for the hearing of said contest; and no question is raised as to the proper service of this notice on the appellant.

On the 26th of December, 1922, the appellant filed with the said county auditor a motion to dismiss the contest, on the ground that the date fixed in the last notice was not within 30 days from the date said contest was filed, and that, this being so, the chairman had no authority under the statute, to fix said date; that the chairman of the board of supervisors had no power to postpone the hearing, as that power rested wholly with the court of. contest, after it was duly and regularly organized.

On the 27th of December, 1922, contestant filed a paper in the following form:

"To W. F. Doderer and Paul Wiegand:

"The undersigned, W. F. Huffman, without waiving any question as to authority for organization of any court or jurisdiction of any court when the same is organized, if it is organized and especially reserving unto himself all the questions raised in motions heretofore filed, hereby nominates and appoints as associate judge, F. A. Ontjes.

"[Signed]    W. F. Huffman, Incumbent."

On that date, the contest court was duly organized, composed of the chairman of the board of supervisors and the two parties named by the respective contestants. This gives a fair history of this transaction, sufficient for the purpose of determining the first issue here raised.

This first issue divides itself into two material parts: the first of which is that there was no jurisdiction, because the statutory notice was not served upon the appellant; and second, that no jurisdiction was acquired by the second notice, because the time fixed for the hearing in said second notice was beyond the statutory limitation.

To fully understand the questions herein raised, it will be

necessary to revert to the statutes governing the matter, which, so far as material here, are identical in the Code of 1897 and the Code of 1924, constituting Chapter 52 of the Code of 1924. Section 1020 of the Code of 1924 makes the chairman of the board of supervisors the presiding officer, and provides that the contestant and incumbent may each name a person who shall be associated with him. There is to be a written nomination of such associate judge in the county auditor's office on or before the date of the trial. Section 1022 makes the county auditor the clerk of this contest court. Section 1024 provides for the filing by the contestant, in the office of the county auditor, within 20 days from the declaration of the election by the canvassing board, of a statement of contest, and provides what such statement shall contain. Section 1025 provides for the filing of a bond with the county auditor, with security to be approved by him, conditioned to pay all costs in case the election be confirmed, or the statement dismissed, or the prosecution fail. Section 1028 reads as follows:

"The chairman of the board of supervisors shall thereupon fix a day for the trial, not more than 30 nor less than 20 days thereafter, and shall cause a notice of such trial to be served on the incumbent, with a copy of the contestant's statement, at least 10 days before the day set for trial."

Section 1032 in part reads as follows:

"The proceedings shall be assimilated to those in an action, so far as practicable, but shall be under the control and direction of the court, which shall have all the powers of the district court necessary to the right hearing and determination of the matter, * * * to adjourn from day to day * * *. It shall be governed by the rules of law and evidence applicable to the case."

Numerous cases are cited to us in which the holdings of the court are that a failure to give the notice to the contestee, as provided by statute, is fatal to jurisdiction. Many of these cases, however, are useless to us in the determination of the question before us, because they are bottomed on the statutes of their home states, which are materially different from the Iowa statute. In most of the cases, their local statute provides that the contestant is only required to file and serve a notice of

contest in which he specifies the grounds on which he bases his contest. This being the law of that state, the question of jurisdiction must, of course, rest upon the giving of this notice. The statutes of Iowa, however, are different in this respect. They require that the contestant, in order to institute proceedings, must file a statement of his contest with the county auditor, accompanied by a bond. When this is done by the contestant, he has completed his duties under the statute.

We are quite satisfied that, when the contestant did this, in the instant case, jurisdiction was acquired of the subject-matter. *O'Dowd v. Superior Court,* 158 Cal. 537 (111 Pac. 751).

The statute further provides for a jurisdiction of the person of the contestee by providing that the chairman of the board of supervisors, who is by statute made the presiding officer of the contest court, shall then fix a date, and shall cause a notice of such trial to be served on the incumbent at least ten days before the date set for trial.

It is well to keep in mind, in this matter, the distinction between jurisdiction of the subject-matter and jurisdiction of the person. Under the showing made in the case, and under the authorities above cited, there is no question but that jurisdiction of the subject-matter here was acquired.

The remaining question is whether jurisdiction of the contestee was obtained. The record shows that, at the hearing set for the 27th of December, the legality of which will be determined later, the appellant had on file a motion filed on the 11th of December previous, complaining that the court had no jurisdiction because no notice had been served on him. He appeared, however, in that proceeding, as shown by the writing hereinbefore set out, and, still urging the contention he made in his motion, in pursuance of the statute he nominated his man for associate judge of the contest court, and thenceforward participated in the trial had before the court thus constituted. We are of the opinion that, when he assumed the attitude of denying the jurisdiction of the court, it was his duty to stand upon that contention, and that, failing so to do, by taking advantage of the statute and selecting his member of the court and proceeding with the trial, he waived the grounds of his motion attacking the

2. ELECTIONS: contest: jurisdiction of incumbent.

jurisdiction of the court, and, having participated in the proceedings of the court, he thereby submitted himself to its jurisdiction, and could not afterwards complain of want of proper notice on him. *Pfaff v. Bacon,* 249 Pa. 297 (95 Atl. 71).

There is one other angle to this question that must have attention. The statute provides that, when the chairman of the board of supervisors fixes the date for hearing, it must not be more than 30 days after the date on which

3. ELECTIONS: contest: authorized continuance.

the contest is filed, which, in the instant case, was on the 21st of November, 1922; and the 30 days would expire on the 21st of December, 1922. Appellant therefore insists that the statutory limit was exceeded when the chairman of the board ordered the second hearing on the 27th of December; and that, therefore, the court was without jurisdiction to hear and determine the contest.

It being determined that the jurisdiction of the subject-matter was acquired in the first instance, the presumption of law is that it continues; and the statute provides that the cause may be continued from day to day, and the same rules govern under Section 1032 as would govern in an action in the district court. We conclude that the contest court would have jurisdiction of the subject-matter at the hearing on the 27th of December; and what has heretofore been said about the appearance of the defendant as a waiver, would apply here with equal force. In our opinion, he could not, by his statement filed, save his question of jurisdiction by reserving it in the paper filed. He should have stood on his jurisdictional question in the first instance; and having failed so to do, he cannot be heard subsequently to raise the question. A similar question is raised in the aforesaid *O'Dowd* case, supra; and it was held that the statute was directory as to the time of service before the hearing. In a later case from the same court (*Busick v. Superior Court,* 16 Cal. App. 499 [118 Pac. 481, at 482]), a question almost identical with the one under consideration was passed upon by the California court, under a statutory provision very similar to ours, which provided, among other things, that the court might adjourn from day to day, and that it might continue the cause for any time not exceeding 20 days, for good cause shown. Under that section of the statute, it was claimed that the court

exhausted its jurisdiction when it continued the case for more than 20 days beyond the time originally fixed. It being claimed that the statute of limitations of 20 days was mandatory, that court, however, contrarily viewed, and held that the statute was directory, and hence the jurisdiction was not lost. The conclusion of the case is in the following paragraph, quoted therefrom:

"Jurisdiction of the subject-matter having thus been acquired, and not having been lost, as far as the record shows, it was within the legal power of the court to appoint another time for the contest, and to proceed to trial, if in the meantime jurisdiction is obtained of the person of the contestee by proper service of the *alias* citation."

As supporting that doctrine, the case cites *Thomas v. Van Zandt*, 56 Wash. 595 (106 Pac. 141).

We reach the conclusion that, whereas the power of continuance is conferred by the aforesaid section of our statute, if it is discovered that no proper service of notice is had upon the contestee, there is power to continue for the purpose of having said proper service of notice made; and that the power existed to order a second notice served, where the first one had not been served, even though the time fixed exceeded the statutory limit. We reach this conclusion more readily because of the fact that the service of this notice was a duty wholly beyond those marked out under the statute as the duty of the contestant; and he, having done all that the law required him to do, should not be deprived of the rights granted him by statute, because some other officer or person, wholly beyond his control, failed to carry out the duties marked out for that person by the statute. We therefore find that the objections to the jurisdiction of the court were properly overruled.

Another view of this question is equally conclusive against appellant's contention. The most that the appellant can claim for his motion attacking the jurisdiction is that it amounts to a special appearance. Until the enactment of Chapter 162 of the Acts of the Thirty-fourth General Assembly, special appearance was not recognized in Iowa, but it was held that a special appearance conferred jurisdiction, the same as a general appearance.

4. ELECTIONS: contest: general appearance by incumbent.

Section 1032 of the Code of 1924 provides that the proceedings in a contested election case shall be assimilated to those in actions in district court, etc.

Section 11088 of the Code of 1924 provides that:

"Any defendant may appear specially, for the sole purpose of attacking the jurisdiction of the court. Such special appearance shall be announced at the time it is made, and shall limit the party to jurisdictional matters only, and shall give him no right to plead to the merits of the case."

A review of the records in this case shows that no ruling was made on either of appellant's motions attacking jurisdiction, until the close of the contest. It is not shown that the appellant announced, at the time it was made, that the appearance was special, and it is not so recited in the motions.

We had this question before us in the case of *Molsberry v. Briggs,* 176 Iowa 525, where we said:

"To be special, the appearance must be announced at the time the appearance is made. An announcement made subsequently is wholly ineffectual to limit the character of the appearance. If not announced at the time the appearance is made, the party must be held to have made a general appearance at the time."

This being true, the appearance made by appellant by the filing of these motions was a general appearance, and by so doing, the court obtained jurisdiction of his person, and a defective notice, or want of notice, becomes immaterial.

II. By stipulation of the parties, the other question in this case has very narrow limits, and in fact involves the lone question of the preservation of the ballots from two precincts in Mason City: the first of the third, and the second of the second. It is apparent from the evidence in the case that these two ballot boxes, properly locked with padlocks, were in the appellee's office, accompanied by their keys, for two or three hours in the early morning of the day following the election; and it is insisted that, as the appellee and his friends had the opportunity, if they so desired, to tamper with these ballot boxes, they ought not to use them as evidence in the case. Most of the persons who are shown to have been in the sheriff's office during the

5. ELECTIONS: contest: ballots as evidence.

hours in controversy, testify as witnesses in the case, and unanimously deny that the boxes were in any way interfered with. We are disposed to believe that their statements are correct.

These ballot boxes were taken from the sheriff's office and turned over to the auditor's office, together with the keys belonging to the boxes; and the evidence in the case satisfactorily shows that the auditor had the keys to these boxes in his possession or under his control, up to the time of the sitting of the contest courts. The evidence also shows that the boxes were still padlocked and the contents had been undisturbed while they were in the custody of the county auditor's office.

After a careful review of all the evidence in the case, we are satisfied that the ballot boxes from these two precincts, together with their contents, were properly admitted in evidence and the ballots therein counted.

III. It is admitted in the record that the statutory requirement that the ballots shall be folded, wired, and sealed in the method marked out by statute, was wholly neglected in this matter. We have said, in *Murphy v. Lentz,* 131 Iowa 328, that this statute is only directory, and that a failure to comply therewith will not defeat the will of the electors.

6. ELECTIONS: ballots: failure to fold, wire, and seal.

IV. While we have said that it must affirmatively appear that the ballots had been preserved with that jealous care which precludes the opportunity of their being tampered with, and, like Caesar's wife, must be shown to be above suspicion, yet we have also said that they need not be so shown beyond groundless suspicion, nor that there is no possibility that they might have been tampered with. *Mentzer v. Davis,* 109 Iowa 528; *State ex rel. Dusey v. Creston Mut. Tel. Co.,* 195 Iowa 1368.

We believe, from the evidence in the case, that the requirements of law in relation to the preservation of these ballots have been fully met.

The ruling of the district court in this matter, affirming the action of the contest court, meets with our approval.— *Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.