# DONALD R. MITTELSTADT v. TIM BREIDER AND ANOTHER.

## 175 N. W. (2d) 191.

February 20, 1970—No. 42350.

*Michael J. Bolen,* for appellant.
*Wyman Smith,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court dismissing an election contest.

A general election was held in Fridley, Minnesota, on November 4, 1969. Tim Breider received 622 votes for councilman of Ward No. 1 in Fridley, and Donald R. Mittlestadt received 581 votes for this office. The Fridley City Council completed its canvass of this election on November 5, 1969, and de-

clared that Breider received the highest number of votes.

Alleging false statements had been made by Breider and others, Mittelstadt filed a notice of election contest with the clerk of the District Court of Anoka County on Monday, November 17, 1969. On the same day notice of contest was served upon Breider, and two copies of the notice were served upon Marvin C. Brunsell, the official authorized to issue certificates of election in Fridley.

Minn. St. 209.02, subd. 3, provides that the notice of contest in a general election must be filed within 10 days after the canvass is completed and that the notice must be served upon the candidate and the official authorized to issue the certificate of election within the same period. Breider argues that the filing and service were not accomplished within the 10-day period and that therefore the contest was properly dismissed.

■ The right to appeal from the decision of a canvassing board is purely statutory, and the provisions of the statutes must be strictly complied with in order to give the court jurisdiction. Franson v. Carlson, 272 Minn. 376, 137 N. W. (2d) 835.

■ The 10th day after the canvass was completed was Saturday, November 15, 1969, and the Anoka County courthouse is closed on Saturdays pursuant to a resolution of the Anoka County Board. Minn. St. 373.052 permits county officials, with the consent of the county board, to provide for the closing of their county offices on Saturdays. Section 373.052, subd. 2, provides:

"Any act authorized, required, or permitted by law or contract to be performed at or in county buildings, or offices therein, which are closed on Saturdays or legal holidays, may be performed on the next succeeding regular business day and no liability or loss of rights on the part of any person shall result from such closing."

Therefore, since the 10th day fell on Saturday the contestant could file his notice on the next business day, which was Monday, November 17, 1969.

The trial court court reasoned that the time for filing has been extended by this statute but that the time for service of the notice has not been extended. Minn. St. 209.02, subd. 3, provides that service must be within the same period as the filing. The trial court interpreted this to mean 10 days. However, if the time for filing is extended, the time for service is extended also. The service period is to be same as the filing period in all cases. So here, where the filing period was extended to 12 days because the 10th day fell on Saturday, the service period was also extended to November 17, 1969.[1]

The notice of contest was dated and executed on November 17, 1969. This is satisfactory, for there is no requirement as to when the notice must be executed.

The judgment is vacated, and the contest is remanded for trial.

Reversed and remanded.

MR. JUSTICE OTIS and MR. JUSTICE PETERSON took no part in the consideration or decision of this case.

---

[1] Rule 6.01, Rules of Civil Procedure, could also support the extension of time resulting from the last day's falling on Saturday. However, the Rules of Civil Procedure apply in election contests only when they are not inconsistent with the statute pertaining to election-contest procedure. Franson v. Carlson, 272 Minn. 376, 381, 137 N. W. (2d) 835, 839; Phillips v. Ericson, 248 Minn. 452, 80 N. W. (2d) 513. This rule is not in conflict in this case because of the court's determination that Minn. St. 373.052 is applicable. Without Minn. St. 373.052, Rule 6.01 could be considered to be conflicting. Thus, § 373.052 seems controlling, and Rule 6.01 appears to be surplusage.