## PAUL PETRAFESO v. ROBERT McFARLIN.

207 N. W. 2d 343.

April 20, 1973—No. 44126.

*Berde, Leonard & Weinblatt, Alan W. Weinblatt, DeParcq, Anderson, Perl & Hunegs, Richard Hunegs,* and *Fitzgerald, Fitzgerald & Stich,* for appellant.

*Nielsen, Stock & Blackburn* and *Arthur J. Stock,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court dismissing an election contest for lack of jurisdiction.

At the general election held November 7, 1972, Paul R. Petrafeso and Robert McFarlin were candidates for the office of representative from Legislative District 41-B. The district lies wholly within Hennepin County and both candidates were residents of the district and legally qualified to run for that office.

Following the election, the Hennepin County Canvassing Board met on November 15, 1972, and reported the total votes for the two candidates to be: Paul R. Petrafeso, 6,654; Robert McFarlin, 6,656. Thus, according to the canvass, McFarlin received a plurality of two votes. The board declared him elected to the office and ordered that a certificate of election be issued to him.

On November 20, 1972, 5 days after the canvassing board met, a notice of contest was filed with the clerk of Hennepin County District Court. The notice bears an endorsement that it was received on the same date by George B. Hickey, Hennepin County Auditor. By affidavit on file George B. Hickey states that he received two copies of the notice of contest and that on November 20, 1972, he mailed one copy thereof by registered mail to Robert McFarlin at his last known address.

Attached to the notice of contest is the return of Hennepin County Deputy Sheriff Duane Thompson that on November 21, 1972, he made service of the notice of contest upon the contestee at the house of his usual abode by handing a copy of it to Robert McFarlin, Jr., a person of suitable age and discretion then residing therein. No question has been raised here as to the validity of such service.

The file also includes the affidavit of Arlen I. Erdahl, secre-

tary of state, that on November 20, 1972, he received two copies of the notice of contest and that on the same date he mailed one of them by registered mail to the contestee at his last known address.

On November 22, 1972, a second copy of the notice of contest, bearing the endorsement, "Rec'd Nov. 20, 1972, Earl E. Hanson, City Clerk [of St. Louis Park]," was filed with the clerk of district court.

The following statutory provisions are involved in this case: Minn. St. 209.02, subds. 2, 3, 4, and 4a. The relevant portion of subd. 2 reads:

"The contestant shall file a written notice of contest specifying the points upon which the contest will be made with the clerk of the district court of the county in which the candidate whose election is contested resides * * *."

The relevant portion of subd. 3 reads:

"The notice of contest shall be filed within seven days after the canvas is completed * * *. Within the same period copies thereof shall be served upon the candidate whose election is contested and upon the official authorized to issue the certificate of election."

Subd. 4. reads:

"Service of the notice of contest shall be made in the same manner as provided for the service of summons in civil actions. In all cases two copies of the notice shall be furnished the official authorized to issue the certificate of election at the time of service upon him, and the official shall send one copy thereof by registered mail to the contestee at his last known address. If the sheriff is unable to make personal or substituted service upon the contestee, then the affidavit of the sheriff to that effect and the affidavit of the official authorized to issue the certificate of election that he sent a copy to the contestee by registered mail to his last known address shall be sufficient to confer jurisdiction upon the proper court to hear and determine the contest."

Subd. 4a was added by the 1971 legislature (L. 1971, c. 733, § 4) and relates only to contests involving legislative offices. It reads:

"In legislative contests, notice of contest shall be filed and served as provided in subdivisions 2 to 4, except that the clerk of district court with whom the notice, and answer, if any, has been filed shall, within three days of receipt of each, submit by certified mail one copy thereof to the chief justice of the supreme court. Upon receipt of the notice of contest, the chief justice shall, within five days, submit to the parties a list of all the district judges in the state, having stricken any judges involved in a trial with which serving as judge in the election contest would interfere and having stricken the name of any judge whose health precludes service as judge in the election contest. The parties shall within two days after receiving the list of judges meet together and, in cases where an unfair campaign practice is alleged, by alternating strikes remove the names of all judges until but one remains who shall then proceed to hear the contest in the manner provided in section 209.10. In cases where no unfair campaign practice is alleged, the parties shall follow the same procedure using only the names of judges of the judicial district or districts covering the area served by the contested office. The judge shall, within 15 days after notice has been filed, convene at an appropriate place within the county, or, if the district includes all or portions of more than one county, a county within the legislative district and hear testimony of the parties, under the ordinary rules of evidence for civil actions. If the contestant does not proceed within the time provided for herein his action shall be dismissed and the judge shall transmit a copy of his order for dismissal to the chief clerk of the house of representatives or the secretary of the senate, as appropriate."

The notice of contest was filed with the clerk of Hennepin County District Court within the time required by law, but the clerk failed to mail a copy thereof to the chief justice of the Supreme Court until December 1, which was more than 3 days after

he received it. The list of available judges was returned by the chief justice on December 4, well within the time required by the statute had he received the notice of contest within the required time. The contestant thereafter contacted the contestee and requested that they meet and select a judge as the statute requires; but the contestee took the position that the notice had not been sent to the chief justice of the Supreme Court in time and therefore the district court had no jurisdiction. The contestee refused to take any further part in the proceeding and moved to dismiss it. The district court granted the motion, being of the opinion that all of the provisions of subd. 4a were jurisdictional and that inasmuch as they had not been met within the time required by the statute the court had no jurisdiction over the contest. This appeal followed.

We have consistently held that the right to contest an election is purely statutory and that in order for the district court to acquire jurisdiction the provisions of the statute relating to filing and serving of the notice must be strictly followed. Hunt v. Rolloff, 224 Minn. 323, 28 N. W. 2d 771 (1947) ;[1] Phillips v. Ericson, 248 Minn. 452, 80 N. W. 2d 513 (1957) ; Franson v. Carlson, 272 Minn. 376, 137 N. W. 2d 835 (1965); Pearson v. Chmielewski, 289 Minn. 211, 183 N. W. 2d 566 (1971). All of these cases deal with the requirements of the statutes pertaining to acquiring jurisdiction. It is essential that a contestant perform within a specified time and manner the acts that are necessary to invoke the court's jurisdiction. This is especially true of contests involving legislative offices because the legislature convenes only a short time after the canvass of an election.

Once jurisdiction is acquired, however, the court does not lose it for the contestant's failure to comply strictly with other provisions of the statute over which he has no control. The case of Hanford v. Village of Alden, 122 Minn. 149, 142 N. W. 15 (1913), involved L. 1911, c. 59, which provided among other things that in an election contest—

---

[1] This opinion was by a divided court.

"* * * the testimony shall be taken, and the matter tried and determined, in the same manner as such actions are tried by the court, at a general or special term, if any, occurring within thirty days after such canvass. When no term is already fixed, the judge shall seasonably appoint a special term to be held within such time."

The contestee in Hanford claimed that the court lost jurisdiction because no term, either general or special, occurred within 30 days after the canvass and the court appointed none to be held at such time. Rejecting this contention, we said (122 Minn. 150, 142 N. W. 15):

"It is the purpose of the statute to speed the hearing in an election contest; but the court does not lose jurisdiction because of a failure to appoint a term to convene within 30 days after the canvass. The court acquires jurisdiction by the service and filing of the notice of contest. The purpose of the statute to hasten contests might be given effect by dismissing a contestant's appeal for laches, and there would be an appropriate remedy should the court refuse to appoint a term."

Much the same is true here. The contestee relies heavily on the following language of § 209.02, subd. 4a:

"* * * *If the contestant does not proceed within the time provided for herein* his action shall be dismissed and the judge shall transmit a copy of his order for dismissal to the chief clerk of the house of representatives or the secretary of the senate, as appropriate." (Italics supplied.)

In this case, the contestant did comply with all the requirements of the statute necessary to acquire jurisdiction. He filed his notice in time and service was made by the sheriff upon the contestee within the time required by the statute. Contestant did everything he could. The failure of the clerk of court to perform his function by sending a copy of the notice to the chief justice of the Supreme Court within the time provided by statute should

not be chargeable to the contestant. If failure of a public official to perform his duty could frustrate the contest instituted by a candidate for public office, then every election contest would be in jeopardy, whether such failure were intentional or otherwise. It is one thing to require the contestant to perform that required of him in the time allowed by statute and something quite different to charge him with the failure of a public official to perform his duties within the statutory time.

In Pearson v. Chmielewski, *supra,* we did hold that the failure of the sheriff to file an affidavit that he could not find the contestee within the 10-day period required by the statute for service invalidated that proceeding, but there again the filing of the affidavit by the sheriff was part of the statute relating to acquiring jurisdiction. This affidavit, together with the affidavit of the official authorized to issue the certificate of election that he had mailed a copy of the notice of contest to the contestee, took the place of service upon the contestee if he could not be found and conferred on the court jurisdiction the same as if service had been made personally. That is not true of the present case. Filing of the notice and service on the contestee conferred jurisdiction upon the court, and the clerk's failure to perform his duty did not divest the court of such jurisdiction.

Subd. 4a has added a new requirement to the statutory procedure for contesting an election when it involves a legislative office. It requires the clerk of court and the chief justice of the Supreme Court to take affirmative action within a specified time. The question before us is whether performance of these actions, as well as the action which must be taken by the contestant, within the specified time is jurisdictional. We are convinced that the legislature could not have intended that a default by the clerk of court would defeat the right of the contestant to have his case heard. The contestant has no control over the clerk of court or the chief justice of the Supreme Court. To be sure, if he were aware of their inaction he could seek relief to compel them to act, but the time limitations are so short it is doubtful

that such relief could be obtained in all cases within the specified time.

Other courts construing statutes similar to ours have come to the conclusion that a contestant should not be deprived of the right granted by the statute where he does all that is required of him and some officer or person over whom he has no control fails to perform the duties placed upon him by the statute. In Marsh v. Huffman, 199 Iowa 788, 794, 202 N. W. 581, 584 (1925), the Iowa Supreme Court said:

"* * * [T]he service of this notice was a duty wholly beyond those marked out under the statute as the duty of the contestant; and he, having done all that the law required him to do, should not be deprived of the rights granted him by statute, because some other officer or person, wholly beyond his control, failed to carry out the duties marked out for that person by the statute."

See, also, State ex rel. Chronowski v. Lake Circuit Court, 238 Ind. 471, 152 N. E. 2d 676 (1958); Middleton v. Lewis, 248 Ky. 86, 58 S. W. 2d 251 (1933).

Not only is the contestant interested in having a legal determination as to who received the most legal votes, but the voters themselves are entitled to have a determination of this question. To hold that under the circumstances of this case the contest was invalidated by failure of the clerk to perform his duty within the time specified by statute would defeat the right of the voters to have a determination as to who was legally elected.

While it is understandable that the trial court in this case, relying on the strict construction we have placed on election contest statutes, felt compelled to dismiss the proceeding, we are convinced that to do so would go beyond the necessity of adhering to a strict construction of the statutory requirements pertaining to acquisition of jurisdiction.

Reversed.