KENNETH L. BORG v. DAVID FJOSLIEN.

216 N. W. 2d 265.

March 29, 1974—No. 44162.

*James T. Hale* and *J. W. Snider,* for appellant.
*Swenson, Grover & Lervick* and *Robert C. Swenson,* for respondent.

PER CURIAM.

Appellant-contestant, Kenneth L. Borg, opposed respondent-contestee, David Fjoslien, in the general election held November 7, 1972, for the office of state representative from Representative District 11B. That district is comprised of all of Douglas County and portions of Grant and Otter Tail Counties. On November 9, 1972, the county canvassing boards of the three counties completed their canvass and certified these results: Fjoslien, 7808 and Borg, 7803.

On November 13, 1972, notice of contest was served on Fjoslien, and on November 14, 1972, service was made on the county auditors of the respective counties. On November 15, 1972, service was made on the secretary of state who filed on November 16, under date of November 15, his affidavit with the district court, acknowledging receipt of copies and certifying that he mailed a copy to Fjoslien. On November 16, the notice of contest and attached affidavits of service were filed with the clerk of district court.[1]

On November 21, the state canvassing board met, canvassed the total votes cast in District 11B, and directed that a certificate of election be issued to Fjoslien. On November 24, Borg caused a second notice of contest to be served on the secretary of state, who again mailed a copy to Fjoslien and filed his affidavit with the clerk of court. On November 28, 1972, notice of contest was filed with the clerk of court, together with an affidavit of the sheriff that he was unable to serve Fjoslien.

[1] Pursuant to Minn. St. 209.02, subd. 3.

No affidavit of service of the second notice of contest upon the respective county auditors was filed and Borg admits that they were not served. On December 18, 1972, the district court dismissed the action on the grounds of lack of jurisdiction for failure to serve the second notice of contest upon the county auditors. An appeal to this court was taken and was heard on April 3, 1973.

To expedite the matter, we issued our order on April 17, 1973, reversing the trial court and directing that the election contest proceed, stating that an opinion would follow.[2]

The trial court in its memorandum accompanying its findings of fact and conclusions of law expressed its reluctance to dismiss the contest but felt it was compelled to do so under our decision in Franson v. Carlson, 272 Minn. 376, 137 N. W. 2d 835 (1965). In issuing our order of April 17, 1973, we had in mind our prior decisions which indicated the necessity for strict compliance with statutory procedures in election matters. However, a majority of the court held that this doctrine should not be extended under the facts of this case. While it would have been better practice to serve the second notice of contest upon the respective county auditors, we believe the interests of the electorate were better served by allowing the contest to proceed. The various auditors were on notice that the election was being contested and were alerted to the need for carefully preserving the ballots as required by Minn. St. 204.27, subd. 1. The failure to serve the county auditors a second time did not prevent the expeditious determination of the contest. We are of the opinion the court was not denied jurisdiction and therefore the contest should not have been dismissed.

It is not necessary to consider the other issues raised by the parties. Reversed.

MR. CHIEF JUSTICE SHERAN, MR. JUSTICE YETKA, and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] We are informed that the election contest produced no change in the election results and Fjoslien presently serves as state representative for Representative District 11B.