MERLE G. POWELL v. GLENN E. JOHNSON.

231 N. W. 2d 926.

July 18, 1975—No. 45603.

*Parker & Olsen* and *Lawrence E. Olsen,* for appellant.
*David C. Johnson* and *P. Hunter Anderson,* for respondent.

Heard before Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Appellant appeals the dismissal of his election contest. Notice of contest was not served upon the contestee within 7 days of the report of the canvassing board as required by statute. The lower court dismissed the action for lack of jurisdiction. We affirm.

The facts are not in dispute. Appellant complied with all of the statutory requirements for commencement of an election contest except service of notice upon the respondent.[1] The record discloses that respondent had no actual notice of the election contest until he received a copy of the notice from the county auditor by certified mail,[2] 9 days after the completion of the canvass. Appellant contends that the mailing of the notice by the auditor on the 7th day following completion of the canvass constitutes substantial compliance with the statutory requirements.

We have had a series of decisions in Minnesota requiring strict compliance with the statutory requirements for the commencement of election contests. See, Pearson v. Chmielewski, 289 Minn. 211, 183 N. W. 2d 566 (1971); Franson v. Carlson, 272 Minn. 376, 137 N. W. 2d 835 (1965); Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057 (1909); Mittelstadt v. Breider, 286 Minn. 211, 175 N. W. 2d 191 (1970); Phillips v. Erickson, 248 Minn. 452, 80 N. W. 2d 513 (1957); Hunt v. Rolloff, 224 Minn. 323, 28 N. W. 2d 771 (1947); Strom v. Lindstrom, 201 Minn. 226, 275 N. W. 833 (1937); Duryea v. Sibley, 76 Minn. 55, 78 N. W. 865 (1899).

Recently, we have indicated that we would not follow such a strict construction if the facts indicated substantial compliance with the statutory requirements. See, Borg v. Fjoslien, 299 Minn. 201, 216 N. W. 2d 265 (1974); Holmen v. Miller, 296 Minn. 99, 206 N. W. 2d 916 (1973); Petrafeso v. McFarlin, 296 Minn. 120, 207 N. W. 2d 343 (1973).

We need not decide whether substantial compliance with the service-of-notice requirements of the statute is sufficient to confer jurisdiction upon the district court. Under the facts presented here, there was no compliance at all with the requirement that the contestant serve the contestee and there was no evidence that the contestee had actual knowledge of the contest within the statutory 7-day period. The notice mailed by the audi-

---

[1] Minn. St. 209.02, subd. 3.

[2] Minn. St. 209.02, subd. 4.

tor to the contestee was in fulfillment of that official's obligations under the statute. Appellant himself undertook no efforts to perform his obligation to cause service of the notice of contest to be made upon respondent. Consequently, there are no facts from which we could infer any substantial attempt to conform to the statutory requirements. It is properly the function of the legislature and not that of the courts to change the obligations imposed upon one who desires to commence an election contest.

Affirmed.