**In the Matter of the Contest of a General Election Held on 11–7–78, for the Purpose of Electing a State Representative in District 58B in the City of Minneapolis, County of Hennepin, State of Minnesota.**

**Ann O'LOUGHLIN, contestant, Appellant,**

**v.**

**Todd OTIS, contestee, Respondent.**

**No. 49634.**

Supreme Court of Minnesota.

Jan. 26, 1979.

Fredrikson, Byron, Colborn, Bisbee & Hansen, John A. Cairns and Marsha A. Freeman, Minneapolis, for appellant.

Leonard & Weinblatt, St. Paul, for respondent.

PER CURIAM.

Appellant filed an election contest in Hennepin County District Court alleging violations of Minn.St. 210A.04, subd. 1. The district court granted respondent's motion to dismiss the contest for lack of jurisdiction. Appellant appealed from this order claiming that there is jurisdiction, because she substantially complied with the requirements of Minn.St. c. 209, and that the district court erred in hearing the motion, because it was not filed within the time required by Rule 6.04, Rules of Civil Procedure. Respondent challenges appellant's right to bring this appeal, because she has not satisfied the bond requirements of Minn.St. 209.01. We affirm.

Both parties to this contest were candidates for state representative for District 58B in the November 7, 1978 election. There were no other candidates. On November 17, 1978, the Hennepin County Canvassing Board certified that respondent had been elected and ordered a certificate of election be issued to him.

On November 24, 1978, appellant delivered the notice of contest to the Hennepin County Sheriff for service on the county auditor and on respondent. Because there was no one present at respondent's house on that day, the sheriff executed and filed an affidavit of not found. This affidavit was filed with the notice of contest in Hennepin County District Court on November 24, 1978.

The sheriff served the Hennepin County Auditor by leaving one copy of the notice of contest with the secretary of Vernon T. Hoppe, Assistant Auditor. The sheriff executed and filed an affidavit of service on the county auditor on November 24, 1978. George Hickey, Auditor, was on vacation that day, but was advised by telephone that the notice of contest had been served. The letter forwarding that notice to the respondent was not prepared until November 29, 1978, and was not mailed until November 30, 1978. The auditor executed and filed his affidavit on November 30, 1978.

Although respondent had no formal notice of election contest, he retained an attorney. At oral argument, respondent's attorney indicated he had learned of the possible contest via the news media. Respondent, through his attorney, prepared a motion to dismiss the contest for lack of jurisdiction and served it on appellant's counsel on November 30, 1978. He arranged for the motion to be heard the following day, December 1, 1978, at the same time that appellant had arranged for her motion regarding discovery to be heard.

The issues raised on this appeal are:

1. Did the trial court have jurisdiction to hear this election contest?

2. Should the trial court have ordered an evidentiary hearing to determine if appellant had substantially complied with the jurisdictional requirements of Minn.St. c. 209?

3. Did the trial court err in hearing the motion to dismiss, because notice was inadequate pursuant to Rule 6.04, Rules of Civil Procedure?

4. Should the appeal be dismissed, because appellant has not satisfied the requirements of Minn.St. 209.09?

1. Jurisdiction.

To initiate an election contest the contestant must file a notice of contest in the district court of the county where the contestee resides within 7 days after the canvass is completed. The contestee and the official authorized to issue the certificate of election (in this case the county auditor) must be served with the notice of contest within the same time period. Minn.St. 209.-02, subds. 2 and 3. Two copies of the notice of contest must be furnished to the official authorized to issue the certificate of election who is required to send one copy to the contestee at his last known address. If the sheriff is unable to effect personal or substituted service on the contestee, his affidavit to that effect plus an affidavit of the official authorized to issue the certificate of election that he sent a copy of the notice to the contestee by certified mail are required to confer jurisdiction on the court. Minn.St. 209.02, subd. 4.

In *Pearson v. Chmielewski*, 289 Minn. 211, 183 N.W.2d 566 (1971), we held that the affidavits of the sheriff and the official authorized to issue the certificate of election must be made and filed within the 10 days [1] allowed for perfecting an election contest to confer jurisdiction on the district court. In that case the contestant filed the notice of contest in district court 8 days after the canvass was completed and served two copies of the notice of contest on the Secretary of State on the 10th day. The Secretary of State mailed a copy to the contestee by certified mail on the same day, but did not file and execute an affidavit to that effect. The contestee was personally served with the notice of the contest on the thirteenth day, and the sheriff never executed or filed the affidavit required by Minn.St. 209.02, subd. 4. Given these facts we held that the election contest must be dismissed for lack of jurisdiction and that the diligence of the sheriff in attempting to effect service of process was irrelevant, because strict compliance with the statutory requirements was necessary.

It is undisputed that the jurisdictional requirements were not strictly complied with in this case. Appellant served only one copy of the notice of contest on the Hennepin County Auditor and did not effect personal or substituted service of the notice on the contestee. Although the sheriff executed and filed the affidavit required by Minn.St. 209.02, subd. 2, on November 24, 1978, the Hennepin County Auditor did not do so until November 30, 1978.

█ Contestant asserts that the recent cases of *Powell v. Johnson*, 304 Minn. 534, 231 N.W.2d 926 (1975); *Borg v. Fjoslien*, 299 Minn. 201, 216 N.W.2d 265 (1974); *Petrafeso v. McFarlin*, 296 Minn. 120, 207 N.W.2d 343 (1973); and *Holmen v. Miller*, 296 Minn. 99, 206 N.W.2d 916 (1973), indicate a movement by this court toward a policy of substantial compliance. Such is not the case. We have consistently held that where the legislature has set strict procedural requirements and time limitations in an effort to get election contests expeditiously resolved, we would adhere to a rule of strict compliance with the statutes. See, *Pearson v. Chmielewski, supra; Franson v. Carlson*, 272 Minn. 376, 137 N.W.2d 835 (1965); *Odegard v. Lemire*, 107 Minn. 315, 119 N.W. 1057 (1909). That is not to say that we would not hold in a proper case that where a contestant has done everything within his power to fulfill the statutes and a public official refuses or fails to perform his duty, that the trial court should not take jurisdiction. But that is not the case before us.

█ In this case the contestant waited until the last day before commencing action. There is no showing in the record that contestant or her attorney made any real effort to locate the contestee to effect personal service. Only one copy, rather than the two copies required by statute, was served on the county auditor. The record indicates no follow up on the part of

1. In 1971 the statutory period was 10 days; it is currently 7 days. Minn.St. 209.02, subd. 3.

the contestant's attorney to see that a copy would be or could be made by the county auditor and sent to the contestee and an affidavit of mailing be executed. The auditor's office in a county as large as Hennepin can receive a number of election contests in a given year. Unless the attorney for the moving party advises the auditor that personal service has not been made and it is necessary to see that the copies are mailed promptly and on time to vest jurisdiction in the trial court, the county auditor would have no way of knowing that that personal service had not already in fact been made, even though the sheriff could have filed a return of not found with the auditor as well as with the clerk of district court. With the use of process servers and the possibility at times of attorneys for parties serving their own documents, the auditor could believe that personal service had been effectuated in some other manner.

In summary, the terms of the statute were simply not complied with. That being the case, who should suffer—the person bringing the contest and who has control over the proceedings at the outset, or the person against whom the proceedings are brought? Historically, the plaintiff in a civil action of any kind has a duty to bring a timely action and to ensure that proper documents are executed, filed, and delivered. Not only should that same rule apply in election contests, but in fact the legislature has imposed even stricter rules of compliance in such contests. Were we to attempt to subvert the legislative will by adopting lenient rules of substantial compliance with the statutes, the courts would be opening up a Pandora's box. We would find ourselves having to virtually decide each case separately on the facts available to us—in many cases on incomplete facts— and with very few guidelines to assist us. A liberalization of procedural requirements in election contests is best left to the legislature itself.

## 2. Adequacy of Notice.

Appellant claims that the trial court should not have heard respondent's motion to dismiss because of inadequate notice. She contends that Rule 6.04, Rules of Civil Procedure, which requires 5 days notice before a hearing, or Rule 6.05, which requires 3 days notice, precludes the hearing in this case, because she only had 1 day notice.

All the Rules of Civil Procedure do not apply to election contests. Rule 81.01(1), App. A., Rules of Civil Procedure. Only those rules which it is practical to follow apply. Minn.St. 209.04. It does not appear practical to require compliance with Rule 6.04 or Rule 6.05 in election contests, because of the expedited nature of the proceedings. The contestee has only 5 or 7 days to file an answer in such a case; see, Minn.St. 209.03, and trial begins within 20 days, see, Minn.St. 209.04.

In the present case appellant had actual notice of the motion one day before the hearing, and her attorney appeared and argued it. In fact, respondent set the hearing on this motion for the same time and place as appellant's motion for discovery. It does not appear that appellant suffered any prejudice by the court hearing the motion to dismiss, because whenever it appears that the court lacks subject matter jurisdiction, it is required to dismiss the lawsuit. Rule 12.08, Rules of Civil Procedure. In *Grimes v. Falls*, 81 Minn. 225, 228, 83 N.W. 835, 836 (1900), this court held that the trial court did not err in hearing a motion to dismiss without prior notice, because the trial court could have dismissed the suit on its own motion. See, *Anderson v. Lappegaard*, 302 Minn. 266, 275, 224 N.W.2d 504, 510 (1974), where this court found no cause for reversal in the trial court's hearing two motions without adequate notice when the result was dictated by a motion for which there was adequate notice.

## 3. Bond.

Since the parties at oral argument agreed that appellant was in a position to file a new bond if required, the court agreed to proceed to hear the matter on its merits and need not decide the issue raised as to

whether the bond was in proper form initially.

The trial court is thus affirmed.

OTIS, J., took no part in the consideration or decision of this case.