**Mary Jane RACHNER, Appellant,**

v.

**Joan GROWE, Respondent.**

**No. C1–86–2174.**

Court of Appeals of Minnesota.

Feb. 6, 1987.

Review Denied April 17, 1987.

Mary Jane Rachner, St. Paul, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter M. Ackerberg, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ., without oral argument.

## OPINION

POPOVICH, Chief Judge.

Appellant was an unsuccessful Independent-Republican candidate for Secretary of State in the 1986 primary election. She challenged the primary election results, but her contest was dismissed for lack of proper service. She served another notice of contest after the general election. The trial court dismissed the contest, concluding appellant failed to comply with statutory requirements for service and failed to adequately specify the grounds for her contest. We affirm.

## FACTS

Appellant was a candidate for Secretary of State in the 1986 primary election. Donald Koenig received more votes and became the Independent-Republican candidate. Koenig was not endorsed by the party. Appellant unsuccessfully challenged the primary election results.

Koenig was defeated in the general election by Joan Growe, the incumbent Secretary. On November 18, Rachner arranged for personal service of a notice of contest upon Growe, Koenig, and the entire membership of the State Canvassing Board. The acting chair of the Independent Republican party in Minnesota was later served. All were named as contestees. On appeal, Rachner is challenging the dismissal of her contest only with regard to Growe. The notice of contest was filed with the clerk of the Second Judicial District on November 18.

Rachner's notice of contest alleges a lack of thoroughness in canvassing procedures, "irregularity" in Growe's conduct of the election, violations of election laws by Koenig, failure by the Independent-Republican party to examine Koenig's reports, promptly inform the media of "discrepancies," support "a legitimate and credible alternative to Joan Growe," and "complicity" by the party in the betrayal of the President "by misusing money raised in the name of President Reagan." Rachner's specific claims against Growe involve Rachner's

"efforts to uncover sufficient evidence of fraud in the 1984 [Presidential] election to set the historical record straight and prove that President Reagan was the first President since George Washington to lose no state in his election."

On December 1, Rachner learned from the judge appointed[1] to preside at a hearing on her contest that a hearing on pending motions to dismiss was scheduled for December 3 at 9:30 a.m. Rachner did not request a continuance. Other counsel were notified of the hearing by telephone also on December 1. On December 3, Rachner expressed her willingness to proceed with a hearing on the motions to dismiss, but asked that she be allowed a continuance before any hearing on the merits of her contest.

By order filed on December 15 the trial court panel directed the contest be dismissed for lack of jurisdiction, based on Rachner's failure (a) to send a copy of the notice of contest by certified mail to Growe, (b) to serve the county auditor when irregularities in the canvass of votes or conduct of election were alleged to have occurred, and (c) to specify the grounds for the contest. This appeal followed.

## ISSUES

1. Did the trial court err in concluding Rachner's failure to serve her notice of contest as required by statute deprived it of jurisdiction to consider the merits of the contest?

2. Did Rachner's notice of contest sufficiently apprise Growe of the grounds for the contest?

3. Was Rachner deprived of a fair hearing on the motions to dismiss?

## ANALYSIS

■ 1. The election contest statute provides:

[T]he notice of contest must be served on the candidate who is the contestee, a copy of the notice must be sent to the contestee's last known address by certified mail, and a copy must be furnished to the official authorized to issue the certificate of election.

\* \* \* \* \* \*

If the contest relates to an irregularity in the conduct of an election or canvass of votes, a copy of the notice of contest must be served on the county auditor of the county where the irregularity is said to have occurred.

Minn.Stat. § 209.021, subd. 3 (1986). It is undisputed Rachner failed to send a copy of her notice of contest to Growe by certified mail and did not serve any county auditor, although she alleged irregularities in both the conduct of the election and canvassing procedures.

Appellant claims personal service on Growe was sufficient to confer jurisdiction. We disagree. The right to contest an election is purely statutory and "in order for the district court to acquire jurisdiction the provisions of the statute relating to filing and serving of the notice must be strictly followed." *Petrafeso v. McFarlin*, 296 Minn. 120, 124, 207 N.W.2d 343, 345 (1973). "Substantial compliance" with the "strict procedural requirements" imposed by the legislature is insufficient. *O'Loughlin v. Otis*, 276 N.W.2d 38, 40 (Minn.1979). Appellant's challenge to the primary election results was also dismissed for failure to properly serve the notice of contest. She should have been especially conscious of the need to comply with the precise terms of the statute. Because she clearly failed to comply, the dismissal for lack of jurisdiction must be affirmed.

■ 2. "A notice of election contest is sufficient if it states facts sufficient to apprise the contestee of the grounds of the contest so that [s]he is given a fair opportunity to meet the asserted claims." *Greenly v. Independent School District No. 316*, 395 N.W.2d 86, 90 (Minn.Ct.App.1986).

The only grounds seemingly relating to Growe which were stated in the notice of

---

1. The chief justice of the Minnesota Supreme Court appointed three district court judges to hear the notice of election contest, pursuant to Minn.Stat. § 209.045 (1986).

contest were allegations of a "lack of thoroughness in the canvassing process conducted by the State Canvassing Board" and unspecified "irregularity in the conduct of the election by the DFL candidate." A general allegation of irregularities without a specific assertion of "just how the irregularities mentioned deprived the voters of * * * a chance to vote" is insufficient. *Hancock v. Lewis*, 265 Minn. 519, 523, 122 N.W.2d 592, 595 (1963).

It is unclear whether Rachner was alleging irregularities in the November 1986 election and canvass, or whether she referred to alleged improprieties in reporting the results of the 1984 Presidential election. The time to contest the 1984 election is long past. The notice of contest clearly did not sufficiently apprise Growe of any facts upon which Rachner relied for a claim that "irregularities" by Growe resulted in an unfair November 1986 election for the office of Secretary of State. The trial court properly dismissed the contest.

■ 3. On appeal, Rachner claims she was deprived of a fair hearing because she did not receive adequate written notice of the date and time of the scheduled hearing. At the hearing on December 3, Rachner objected to the lack of written notice, but told the court she was willing to proceed with a hearing on the motions to dismiss. She requested a continuance only to prepare for a hearing on the *merits* of her contest, but told the court she did not "want to hold up your decision upon the motion."

Even if Rachner had properly preserved this issue for appeal, our supreme court has held that the usual rules requiring advance notice of hearings are inapplicable "in election contests, because of the expedited nature of the proceedings." *O'Loughlin*, 276 N.W.2d at 41. The contestant in *O'Loughlin* had actual notice of the motion only one day before the hearing. As the court observed, there was no prejudice to the contestant from the court hearing the motion to dismiss "because whenever it appears that the court lacks subject matter jurisdiction, it is required to dismiss the lawsuit." *Id.*

Rachner had two days' notice of the hearing, was given additional time during a recess to prepare her response to the motions, and was asked, after she had made her presentation to the court, whether there was anything else she wanted to call to the attention of the court. Rachner has not shown prejudice from the short notice. She did not seek a continuance of the hearing and cannot now complain she did not receive a fair hearing.

## DECISION

The trial court properly dismissed appellant's election contest for failure to comply with statutory requirements for service and to adequately specify the grounds for her challenge. Appellant was not deprived of a fair hearing. The election certificate shall be delivered to Joan Growe, the successful candidate.

Affirmed.